257 F.2d 661
 103 U.S.App.D.C. 283
 Aaron H. COLEMAN, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
Harold DUCORE, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
Carl GREENBLUM, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
Bernice LEVINE, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
Melvin MORRIS, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
Hyam Gerber YAMINS, Appellant,
v.
Wilber M. BRUCKER, Secretary of the Army, Appellee.
 Nos. 14314-14319.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 27, 1957.
Decided June 19, 1958.
 
 Mr. Thurman Arnold, Washington, D.C., with whom Messrs. Abe Krash, James O. Juntilla, Arnold, Fortas & Porter, Washington, D.C., Harry Green, Newark, N.J., Ira J. Katchen, Long Branch, N.J., Abraham Frankel, Asbury Park, N.J., Samuel Markell, Phillip J. Nexon, Goulston & Storrs, Boston, Mass., Richard F. Green, Elizabeth, N.J., were on the brief, for appellants.
 Mr. Donald B. MacGuineas, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U.S Atty., Samuel D. Slade and Miss Beatrice M. Rosenhain, Attorneys, Department of Justice, were on the brief, for appellee.
 Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit judges.
 WASHINGTON, Circuit Judge.
 
 
 1
 These are consolidated appeals by six former employees of the Department of the Army who were discharged as 'security risks', purportedly under the authority of the Act of August 26, 1950. 64 Stat. 476, 5 U.S.C.A. 22-1, as implemented by Executive Order 10450, 18 Fed.Reg. 2489 (1953), 5 U.S.C.A. 631 note, and Army Special Regulation No. 620-220-1, dated December 18, 1953. Each employee sued in the District Court to have his discharge declared invalid. As to each employee the District Court granted the Government's cross motion for summary judgment and dismissed the complaint. Appeals by the employees followed.
 
 
 2
 These cases present, inter alia, 'serious and far-reaching problems in reconciling fundamental constitutional guarantees with the procedures used to determine the loyalty of government personnel.' Peters v. Hobby, 1955, 349 U.S. 331, 338, 75 S.Ct. 790, 794, 99 L.Ed. 1129. The Supreme Court, in the Peters case, commented further: 'From a very early date, this Court has declined to anticipate a question of constitutional law in advance of the necessity of deciding it. * * *' Ibid. That precept, of course, applies to this court as well as to the Supreme Court. The Court continued: 'Applying this rule to the instant case, we must at the outset determine whether petitioner's removal and debarment were effected in accord with Executive Order 9835 (5 U.S.C.A. 631 note),' the regulation there applicable. Ibid. And in Service v. Dulles, 1957, 354 U.S. 363, 372, 77 S.Ct. 1152, 1157, 1 L.Ed.2d 1403, the Court sustained Service's contention 'that the Secretary's action is subject to attack under the principles established by this Court's decision in United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (74 S.Ct. 499, 98 L.Ed. 681), namely, that regulations validly prescribed by a government administrator are binding upon him as well as the citizen, and that this principle holds even when the administrative action under review is discretionary in nature.'
 
 
 3
 The regulation applicable to the instant cases is SR No. 620-220-1, dated December 18, 1953, which requires in paragraph 40 that if the Security Review Board reaches an adverse conclusion as to an employee-- after either a favorable or an unfavorable determination by the Security Hearing Board-- 'a letter of notification will be sent to the employee, with copies to all interested offices, advising him of the findings of the Security Hearing Board * * *.'[1] In five of these cases the employee was advised, purportedly in accord with paragraph 40d, only that 'your continued employment * * * would not be clearly consistent with the interests of national security under the provisions of Executive Order 10450.' The sixth appellant was advised, purportedly in accord with paragraph 40c, that the Security Hearing Board had found that his continued employment 'would be clearly consistent with the interest of national security,' but that the Security Review Board had tentatively concluded that his continued employment 'would not be clearly consistent with the interests of national security. On the basis of that review and conclusion it is proposed to recommend to the Secretary of the Army that your removal be effected * * * because such action is deemed necessary and advisable in the interests of national security.'
 
 
 4
 The Government argues to us[2] that the quoted statements are 'the findings of the Security Hearing Board' required by the applicable regulation, and that such statements constitute 'substantial compliance' with that regulation. We cannot agree. It is clear to us that the use of the word 'findings,' in the context of paragraph 40, contemplates something more than a mere conclusory statement notifying the employee that he is a 'security risk.' These 'findings'-- sought by each appellant and denied to each appellant-- are intended to give the employee information that he may use in seeking further consideration by the Security Review Board or by the Secretary of the Army. Whether the 'findings' required by paragraph 40 to be transmitted to the employee are necessarily the same 'findings' required by paragraph 39 to be transmitted to the Secretary is a question we do not reach.[3] However, in the context of paragraph 39, 'findings' would also seem to mean something more than the conclusory statement of a result such as was afforded to each of the appellants here.
 
 
 5
 Therefore, in accordance with the judicial policy restated in Peters v. Hobby, supra, and applying the rule laid down in United States ex rel. Accardi v. Shaughnessy, supra, and Service v. Dulles, supra, the orders of the District Court are reversed and the cases are remanded for further proceedings not inconsistent with this opinion.
 
 
 6
 So ordered.
 
 APPENDIX
 
 7
 Excerpts from Army Special Regulation No. 620-220-1, dated December 18, 1953:
 
 
 8
 'Civilian Personnel
 
 Security Investigations And Adjudications
 
 9
 'Section VII
 
 
 10
 'Hearings
 
 
 11
 '39. The Hearing Board's findings.-- Immediately following the hearing it is advisable for the Security Hearing Board to meet in executive session to define the issues in the case, arrive at a tentative decision, if possible, and to decide who is to prepare the Board's findings. Final decision should be delayed until the transcript of the hearing is available. The Board's findings and the transcript, each in quadruplicate, should be submitted to the Administrative Assistant, Office, Secretary of the Army, not later than 30 days after the hearing. The transcript must be prepared without delay. The function of the Security Hearing Board is to advise and recommend to the Secretary of the Army the action which should be taken. The findings and the accompanying memorandum of reasons should be a complete resume of the case in detail. Complete instructions on preparation of the Board's findings and the memorandum of reasons will be provided in other media.
 
 
 12
 'Section VIII
 
 
 13
 'Action After Hearing
 
 
 14
 '40. Review after hearing.-- When a case is received from a Security Hearing Board it will be reviewed in the Office of the Administrative Assistant to assure that the record is complete. The case then will be processed as follows:
 
 
 15
 'a. When the Security Hearing Board has found employment clearly consistent with the interests of the national security and has made a favorable recommendation, the case will be referred to the Security Review Board for consideration.
 
 
 16
 'b. If the Security Review Board agrees with the favorable findings and recommendations of the Security Hearing Board, the Review Board will submit the entire case file, together with the Board's findings and recommendations, to the Secretary of the Army for final decision.
 
 
 17
 'c. If the Security Review Board does not agree with the favorable action of the Security Hearing Board, a letter of notification will be sent to the employee, with copies to all interested offices, advising him of the findings of the Security Hearing Board; that it is proposed to recommend to the Secretary of the Army that removal be effected in the interest of national security under Public Law 733, 81st Congress (64 Stat. 476, 5 U.S.C.A. 22-1 et seq.); that he may, if he so desires, submit a further explanation of his case, together with additional statements and affidavits to support his defense, within 20 days after receipt of the letter of notification; and that he may request further consideration by the Security Review Board. If the employee does not reply, the entire case file will be referred to the Secretary of the Army for final decision. If the employee does reply, the case will be referred again to the Security Review Board for consideration. After reconsideration, the Security Review Board will submit the entire case file, together with the Board's findings and recommendations to the Secretary of the Army for final decision.
 
 
 18
 'd. When a Security Hearing Board finds that employment is not clearly consistent with the interests of national security and makes an unfavorable recommendation, the case will be reviewed in detail in the Office of the Administrative Assistant. In such cases a letter of notification will be sent to the employee direct, with copies to all interested officers, advising him of the Security Hearing Board's findings; that it proposed to recommend to the Secretary of the Army that removal be effected in the interest of national security under Public Law 733, 81st Congress; that he may, if he so desires, submit a further explanation of his case, together with additional statements and affidavits in support of his defense, within 20 days after receipt of the letter of notification; and that he may request that his case be referred to the Security Review Board for action. If the employee does not reply or does not request action by the Security Review Board, the entire case file will be referred to the Secretary of the Army for final decision with recommendations that removal be effected in the interest of national security under Public Law 733, 81st Congress. If the employee does reply, the entire case file, together with the employee's reply, will be referred to the Security Review Board for action. After consideration of the case in detail, the Security Review Board will submit the entire case file, together with the Board's findings and recommendations, to the Secretary of the Army for final decision.'
 
 
 
 [1]
 The full text of paragraph 40 is reproduced in the Appendix to this opinion
 
 
 [2]
 At the close of the oral argument the court requested the Government and appellants to submit further memoranda discussing the applicability of paragraphs 39 and 40 of SR 620-220-1
 
 
 [3]
 The text of paragraph 39 is reproduced in the Appendix to this opinion