**Edward S. COFFEY, Appellant,**

v.

**Albert F. JORDAN, individually, and as Superintendent, Department of Insurance, District of Columbia, Appellee.**

**No. 15062.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1959.

Decided June 25, 1959.

Mr. Richard A. Mehler, Washington, D. C., with whom Mr. George J. Goldsborough, Jr., Washington, D. C., was on the brief, for appellant. Mr. Charles P. Hovis, Washington, D. C., also entered an appearance for appellant.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

 After hearing upon a complaint, which charged appellant with misrepresenting the advantages of an exchange of life insurance policies in violation of § 35–426 of the D.C.Code (1951),[1] the

---

1. 48 Stat. 1140 (1934). The Section provides for revocation or suspension on the ground, *inter alia*, that a solicitor "has made any misleading representa-

Superintendent of Insurance of the District of Columbia, our appellee, suspended appellant's license as a life insurance solicitor. Appellant was notified of this action by letter, as follows:

"Upon consideration of the record of the hearing afforded you on July 15, 1958, July 17, 1958, and July 29, 1958, in the matter of a complaint by Dr. William B. Russell, I find that you did, in fact, make misleading representations and incomplete comparisons for the purpose of inducing Dr. Russell to lapse, surrender, or exchange his insurance then in force, as prohibited by sec. 35-426, D.C. Code, 1951 edition.

"I, therefore, hereby suspend your license for a period beginning with the date of this letter and ending April 30, 1959."

Appellant sought to set aside the suspension by timely suit in the District Court, under § 35-427 of the D.C.Code (1951),[2] primarily on the ground that appellee failed to make findings of fact disclosing the particular circumstances upon which the determination of misrepresentation rested. Appellee maintained that such findings were not required. The District Court denied relief and this appeal followed.[3]

We think the District Court erred. Although § 35-426, under which appellee acted, contains no express requirement for findings, "the practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement." 2 Davis, Administrative Law Treatise § 16.05 (1958). See e. g., Securities and Exchange Commission v. Chenery Corp., 1943, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626; Boudin v. Dulles, 1956, 98 U.S.App. D.C. 305, 235 F.2d 532; National Labor Relations Board v. Capital Transit Co., 1955, 95 U.S.App.D.C. 310, 312-313, 221 F.2d 864, 867; Jordan v. American Eagle Fire Ins. Co., 1958, 83 U.S.App.D.C. 192, 198, 169 F.2d 281, 287 (dictum); Saginaw Broadcasting Co. v. Federal Communications Comm'n, 1938, 68 App.D.C. 282, 287, 96 F.2d 554, 559; Goldman v. Pink, 1938, 253 App.Div. 862, 1 N.Y.S.2d 562 (per curiam).[4]

■ Normally, however, a court should not set aside administrative action unless the agency has been given a prior opportunity—on timely request by the complainant—to consider the point at issue. Here, there is no indication that the Superintendent was asked, prior to appellant's suit in the District Court, to make specific findings. We would be justified, therefore, in holding that his suit must fail on that score. However, since appellant's reputation is at stake, we think that the interests of justice would be best served by giving appellant an opportunity to request specific find-

tions and/or incomplete * * * comparison of any policies * * * to any person for the purpose or with the intention of inducing such person to lapse, forfeit, surrender, or exchange his insurance then in force * * *." The sanction may be invoked only after "due investigation, notice and a hearing." The solicitor has thirty days in which to appeal to the District Court.

The Section has since been amended in a manner not here significant. 72 Stat. 21, D.C.Code, § 35-426 (Supp. VII, 1959).

2. 48 Stat. 1140 (1934). This Section provides, in pertinent part:

"Within thirty days after the revocation or suspension of license * * *

the * * * solicitor * * * aggrieved may appeal from the ruling of the superintendent to the District Court of the United States for the District of Columbia in equity * * *."

3. Appellant's suspension had expired before argument of the case in this Court. Neverthless, the Corporation Counsel, representing appellee, quite properly conceded that appellant's obvious interest in vindicating his reputation precludes dismissal for mootness.

4. The District of Columbia insurance code is patterned after that of New York. S.Rep. No. 1420, 73d Cong., 2d Sess. 1 (1934).

ings of the Superintendent, and giving the latter an opportunity to supply them. If findings are supplied, and appellant is still dissatisfied, he may request the District Court to review the findings thus made in the light of the record and the applicable law. In the meantime, the Superintendent's order will stand.

The judgment of the District Court will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

So ordered.