Neil F. DAVIS, Appellant,

v.

Wilbur M. BRUCKER, Secretary of the Department of the Army, Appellee.

No. 15347.

United States Court of Appeals
District of Columbia Circuit.

Feb. 17, 1960.

Mr. Neil F. Davis, appellant, filed a brief *pro se,* and his case was treated as submitted thereon.

Mr. Kevin T. Maroney, Attorney, Department of Justice, submitted on the brief pro se, and his case was treated as by the court. Messrs. George B. Searls and Samuel L. Strother, Attorneys, Department of Justice, were also on the brief, for appellee. Mr. Justin R. Rockwell, Attorney, Department of Justice, also entered an appearance for appellee.

Before Mr. Justice REED and WILBUR K. MILLER and GEORGE T. WASHINGTON, Circuit Judges, in Chambers.

PER CURIAM.

The above case came on for hearing, and was submitted on the briefs and Joint Appendix. Counsel for the appellee was present and was interrogated by the court.

 Appellant, while a member of the Ready Reserve, received a General Discharge under Honorable Conditions from the United States Army. He claims that he should have received an Honorable Discharge. Appellee claims the Discharge given appellant was validly issued pursuant to Army Regulation 604–10, pertaining to personnel security proceedings. Broad constitutional contentions are urged by the parties. But before we reach these we must be satisfied—this being a case where summary judgment was granted—that there exists no genuine issue of material fact. Fed.R.Civ.P. 56, 28 U.S.C.A. On this record we are not so satisfied. We cannot say that the basis of the appellee's action clearly appears. It certainly is not clear to us that appellee acted solely on the basis of appellant's military record, and not on his pre-induction conduct. Cf. Harmon v. Brucker, 1958, 355 U.S. 579, 581, 78 S. Ct. 433, 2 L.Ed.2d 503. The record does not include the text of any administrative findings on the basis of which appellant was discharged, although counsel for the appellee informs us that such findings were made and are available for inclusion in the record. We consider that under these circumstances the case should be remanded. See Olenick v. Brucker, 107 U.S.App.D.C. ——, 273 F.2d 819.

We accordingly set aside the order of the District Court entered May 26, 1959, granting defendant-appellee's motion for summary judgment, and order that the case be reopened for further proceedings not inconsistent with law. Such proceedings shall include opportunity to plaintiff-appellant to request copies of the findings, and opportunity to appellee to supply them. Cf. Coleman v. Brucker, 1958, 103 U.S.App.D.C. 283, 257 F.2d 661; Coffey v. Jordan, 1959, 107 U.S.App.D.C. ——, 275 F.2d 1. If it appears that no sufficient findings were made, the District Court should consider the bearing of the cases hereinbefore cited. If sufficient findings were made, the District Court should consider also whether all applicable provisions of the governing statutes and Regulations were complied with in appellant's case; whether, assuming Army Regulation 604–10 to be valid, it was properly applied to appellant once he had been relieved of regular duty status, especially in respect of any alleged falsification of records or failure to answer questions, or whether such falsification or failure to answer should have been dealt with under other statutes or Regulations; and whether as applied to appellant the Regulations were in any relevant respect invalid or without authority of law. See Greene v. McElroy, 1959, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed. 2d 1377; Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Harmon v. Brucker, supra; Note, 69 Yale L.Rev. 474 (1960). Any resulting order or judgment of the District Court may be appealed in the usual course by any party aggrieved, subject to applicable law.