**Richard S. MILLS, Respondent,**

v.

**The FEDERAL SOLDIERS HOME of Missouri and the Personnel Advisory Board of the State of Missouri, Appellants.**

No. 59423.

Supreme Court of Missouri,
En Banc.

April 11, 1977.

Motions for Rehearing or for Modifications Denied May 10, 1977.

Louren R. Wood, Asst. Atty. Gen., Jefferson City, for appellants.

Robert C. Smith, Smith, Lewis & Rogers, Columbia, for respondent.

BARDGETT, Judge.

The appellants, The Federal Soldiers Home of Missouri and The Personnel Advisory Board of the State of Missouri and its members, appeal from the adverse judgment of the circuit court of Cole county which reversed the decision of the Personnel Advisory Board and remanded the cause to that board with directions to reinstate the respondent Richard Mills to his employment with the Soldiers Home and to determine the compensation due Mills by reason of his discharge from employment on April 27, 1974.

Jurisdiction in this court is asserted under Art. V, sec. 3, Mo.Const., on the basis that it involves a construction of Art. V, sec. 5, of the Missouri constitution. Specifically, the appellants assert the rule-making power of the supreme court under Art. V, sec. 5, is in question because Rule 100.04 contradicts section 536.110, RSMo 1969.[1] The rule provides that actions for judicial review of contested administrative decisions may be filed in the circuit court of the county of plaintiff's residence whereas the statute provides, inter alia, that the venue of such actions, at plaintiff's option, shall be in the circuit court of Cole county or in the county of the plaintiff's residence.

At the time this appeal was filed, the jurisdictional question was considered on the basis of the jurisdictional statement filed by appellants. We tentatively decided jurisdiction of the appeal was properly in this court because of the assertion by appellants that the circuit court's action overruling appellants' motion to dismiss for improper venue under Rule 100.04 necessarily involved a decision that this court exceeded its constitutional rule-making power under Art. V, sec. 5, Mo.Const.

In *Taylor v. Yellow Cab Co.*, 548 S.W.2d 528 (Mo. banc 1977), we accepted the appeal prior to opinion at the request of the Missouri court of appeals, Kansas City district, because the case appeared to involve a conflict between a supreme court rule and a statute, therefore involving the constitutionality of a supreme court rule under Art. V, sec. 5, and we considered the matter to be of general interest and importance.

The instant case also, arguably, involves a conflict between a statute and a rule, an issue which is within the appellate jurisdiction of a court of appeals to resolve if that can be done without directly involving a construction, as opposed to application, of settled principles of the constitution of Missouri.

■ The first issue is whether an employee of a state agency may obtain review of an administrative decision sustaining his discharge from employment solely in the circuit court of the county of his residence or in either that circuit court or the circuit court of Cole county, at plaintiff's option. This is a matter of general interest and importance to state employees and agencies throughout Missouri and ought to be definitely settled by this court. Therefore, we will retain and decide this case rather than transferring it to the court of appeals and then transferring it back prior to opinion. *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193 (Mo. banc 1972).

Mills is a resident of Phelps county, Missouri. He filed his petition for review in the circuit court of Cole county. Mills contends he was entitled to do so under the venue provisions of section 536.110. The Personnel Board contends Mills was restricted to filing his petition for review in the circuit court of the county of Mills's residence—Phelps county—pursuant to Rule 100.04(a). The circuit court of Cole county overruled the board's motion to dismiss which motion was premised on Rule 100.04(a). The court's ruling was based upon the venue provisions of section 536.-110.

Article V, sec. 22, Mo.Const., provides in part: "All final decisions, findings . .

1. All citations are to RSMo 1969 unless otherwise indicated.

of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; . . ."

Section 536.010(1) defines agency as ". . . any administrative officer or body existing under the constitution or by law and authorized by law to make rules or to adjudicate contested cases;" and section 536.010(3) defines "contested case" as meaning ". . . a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by statute to be determined after hearing; . . . ."

■ An employee under the state merit system has a right to a hearing with reference to his dismissal and the Personnel Advisory Board is required by law to determine the matter after such hearing. Section 36.390(5). The dispute between a discharged employee and the employing agency is a "contested case". Section 536.010(3); *Morrell v. Harris*, 418 S.W.2d 20 (Mo.1967); *Moore v. Damos*, 489 S.W.2d 465 (Mo.App. 1972); *Scism v. Long*, 280 S.W.2d 481 (Mo. App.1955). The Personnel Advisory Board is a "state agency" in that it is authorized by law to adjudicate contested cases. Sections 536.010(5) and 36.390(5).

Rule 100.03 makes Rules 100.04 to 100.08 applicable to proceedings for judicial review by an aggrieved party *"unless some other provision for judicial review is provided by statute."* (Emphasis supplied.)

Rule 100.04, upon which the board relies, provides in pertinent part:

"(a) Petition for Review When Filed. Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of the plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision."

Section 536.100 entitles a person who has exhausted administrative remedies provided by law and who is aggrieved by a final decision in a contested case "to judicial review thereof as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; . . . ."

Section 536.110 is the statute which governs the institution of proceedings for judicial review which are authorized by section 536.100 and in pertinent part provides:

"1. *Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue* within thirty days after the mailing or delivery of the notice of the agency's final decision.

.   .   .   .   .

"3. *The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence* or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion may permit other interested persons to intervene." (Emphasis supplied.)

The board contends that Rule 100.04(a) is inconsistent with section 536.110(1) and (3), and that the rule supersedes the statute by reason of this court's rule-making power under Art. V, sec. 5, Mo.Const. A similar contention was made by the state tax commission in *State ex rel. State Tax Commission v. Luten*, 459 S.W.2d 375 (Mo. banc 1970), and overruled. There is no conflict between Rule 100.04(a) and section 536.-110(1) and (3) when Rule 100.03 is considered. Rule 100.03 makes Rule 100.04 inapplicable if there is some other provision for judicial review provided by statute. As noted supra, the Personnel Advisory Board is a state agency as defined by section 536.010 and its decisions are subject to judicial review as provided in chapter 536, administrative procedure and review. Section 536.110 is part of the statutory administrative procedure and review act and is applicable to the instant proceeding. Therefore the instant case comes within the "unless" clause of Rule 100.03.

■ The court holds that the venue provision of section 536.110 is applicable to the instant proceeding and the circuit court did not err in overruling the board's motion to dismiss the petition for review.

The second issue is whether the trial court erred in holding that the appointing authority—Federal Soldiers Home of Missouri—failed to comply with the notice of dismissal provision of section 36.380. The trial court's finding that the Soldiers Home did not comply with the provision was the basis upon which the decision of the personnel board sustaining the discharge was reversed and the cause remanded with directions to reinstate the respondent Mills with appropriate back pay. The court relied upon *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138 (Mo. banc 1975), in arriving at its decision.

The board made written findings of fact and conclusions of law among which were:

"7. The Superintendent of the Soldiers Home addressed and mailed a written statement to Richard Mills on or about April 22, 1974, setting forth in substance the reasons for dismissal and advising him that he was to be dismissed from his employment at the Home effective April 27, 1974, because of his inability to perform the duties of his position on April 21, 1974, due to alcoholic intoxication.

"8. A copy of the written statement of dismissal was also delivered to Richard Mills on the evening of April 25, 1974, when he reported for work at the Home. On the morning of April 26, 1974, Mr. Mills discussed his impending dismissal with the Superintendent of the Home."

Respondent filed a memorandum in circuit court in support of his petition for review in which it was stated that, "Plaintiff's only complaint is that he was not given lawful notice of dismissal as required by Section 36.380 RSMo 1969." No additional testimony was taken in circuit court. The circuit judge, in his memorandum setting forth the issues and his findings, stated that the sole question to be decided "was

there a proper pretermination Notice given the employee". The parties agreed upon an abbreviated transcript of the hearing before the Personnel Advisory Board which only included the testimony of Superintendent Yokum, the findings, conclusions and decision of the Personnel Advisory Board, and a few exhibits which relate to an incident that occurred in February 1973. It is obvious from the partial transcript of the proceedings before the board that there was additional testimony with reference to the question of whether respondent was intoxicated on April 21, 1974, when he reported for work. That was the principal fact issue before the board but was, by the action of respondent, not before the circuit court and is not before this court.

A brief recitation of the testimony of Mr. Yokum is necessary in order to adjudicate the question of whether the Soldiers Home failed to comply with the notice provision of section 36.380.

Mr. Yokum testified that the April 21, 1974, incident was called to his attention by a phone call from another employee to him at his home about 10:30 p. m. on April 21, 1974. On Monday, April 22, 1974, Mr. Yokum tried to reach respondent at respondent's home by phone but was unsuccessful. Mr. Yokum then, on April 22, mailed a notice of suspension and dismissal to respondent. Respondent reported for work on the following Thursday evening, April 25, and "was given a copy of the notice and dismissal and instructed to see me [Yokum] in my office the following morning". Respondent reported to Yokum the next day, Friday, April 26, 1974, and "I [Yokum] talked with him regarding his suspension and dismissal. It was his position that he had not been drunk." Respondent told Yokum that he had slipped on some water, struck his head which made him dizzy; that he had been suffering from an inner ear infection and had consulted a Dr. James at St. James, Missouri, regarding that condition. Mr. Yokum spoke with other employees and they gave him statements concerning the April 21st incident. The respondent

was discharged as of Saturday, April 27, 1974, which was the discharge date stated in the notice.

Respondent retained his present counsel and appealed his dismissal to the Personnel Advisory Board on May 6, 1974. That board held the evidentiary hearing at which Mr. Yokum testified as set forth supra. Respondent did not testify. Respondent did not personally or by his attorney raise any questions about, nor in any way contest, the validity of the prior notice of discharge in any of the proceedings before the board. The notice was not put into evidence as an exhibit before the board.

Indeed, it clearly appears from the proceedings before the board that there was simply no issue as to the content, method of serving, or timeliness of the notice of suspension and discharge.

Section 36.380 provides in part, "No dismissal of a regular employee shall take effect unless, prior to the effective date thereof, the appointing authority gives to such employee a written statement setting forth in substance the reason therefor and files a copy of such statement with the director."

The testimony of Mr. Yokum that respondent was given a copy of the notice of dismissal on Thursday evening, April 25, 1974, and told to report to Mr. Yokum the next morning was hearsay but there was no objection by respondent to that testimony.

Section 536.070, which applies to an evidentiary hearing before an agency (Personnel Advisory Board) and prescribes certain rules with respect to evidence, states in part: "In any contested case: (8) Any evidence received without objection which has probative value shall be considered by the agency along with other evidence in the case."

■ Hearsay testimony, when not objected to, may be considered for whatever it is worth. *Williams v. Cavender*, 378 S.W.2d 537, 541 (Mo.1964); *State ex rel. State Highway Commission v. Williams*, 289 S.W.2d 64, 66 (Mo.1956). *State ex rel.*

*DeWeese v. Morris*, 359 Mo. 194, 221 S.W.2d 206 (1949), relied on by respondent is not in point because there the appellant objected to the hearsay when it was offered and this court held the objection should have been sustained.

The Personnel Advisory Board was entitled to consider the testimony of Mr. Yokum that respondent had been given a copy of the notice of dismissal on Thursday, April 25, 1974, as evidence that such was done. Section 536.070; *Williams v. Cavender* and *State ex rel. State Highway Commission v. Williams, supra.*

But there is another and perhaps more important reason why the trial court erred in reversing the decision of the Personnel Advisory Board. The respondent, as noted supra, made no contention before the board that the notice of dismissal was in any respect insufficient in service, content, or timeliness. The hearing before the board proceeded on the basis that the procedural provisions of section 36.380 with respect to notice were not being contested.

In *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952), a party raised for the first time on appeal to the district court the issue of whether a hearing examiner had been improperly appointed. With respect to this contention the Supreme Court stated at 36–38, 73 S.Ct. at 68.

". . . The issue is clearly an afterthought, brought forward at the last possible moment to undo the administrative proceedings without consideration of the merits and can prevail only from technical compulsion irrespective of considerations of practical justice.

. . . . .

"We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. . . .

Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

. . . . .

". . . [W]e hold that the defect in the examiner's appointment was an irregularity which would invalidate a resulting order if the Commission had overruled an appropriate objection made during the hearings. But it is not one which deprives the Commission of power or jurisdiction, so that even in the absence of timely objection its order should be set aside as a nullity."

In *First-Citizens Bank & Trust Co. v. Camp*, 409 F.2d 1086, at 1088–1089 (4th Cir. 1969), the court said: "At the outset, we note that at the administrative stage, First-Citizens lodged no objection to the successive scheduling of hearings on the two applications, nor the composition of the hearing panel. Its right to raise at the judicial level procedural objections not advanced before the administrative agency is suspect, because, ordinarily, a litigant is not entitled to remain mute and await the outcome of an agency's decision and, if it is unfavorable, attack it on the ground of asserted procedural defects not called to the agency's attention when, if in fact they were defects, they would have been correctible at the administrative level. [Citing cases.]"

If respondent had raised the question of the sufficiency of the notice before the Personnel Advisory Board, one of two things could have then occurred. The Soldiers Home could have introduced further evidence on the matter and even called the employee as a witness to testify on the point. If the board then found that the notice provision of section 36.380 had not been complied with, it would have reversed the discharge and the Soldiers Home could have begun the procedure for discharge anew. If the board found the statute had

been complied with, it would have overruled the employee's objection to that matter and the issue would have been preserved for review in circuit court. In either event, the point would have been raised at the appropriate time and at a time when the defect, if any, could have been considered by the appropriate agency—the Personnel Advisory Board.

■ The general rule is that a court should not set aside administrative actions unless the agency has been given a prior opportunity, on timely request by the complainant, to consider the point at issue. *Coffey v. Jordan*, 107 U.S.App.D.C. 113, 275 F.2d 1, 2 (1959). This, however, is subject to exceptions as recognized by the United States Supreme Court in *Hormel v. Helvering*, 312 U.S. 552, at 557, 61 S.Ct. 719, at 721, 85 L.Ed. 1037 (1941), wherein it is stated:

". . . There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below. See *Blair v. Oesterlein Machine Co.*, 275 U.S. 220, 225, 48 S.Ct. 87, 88, 72 L.Ed. 249.

"Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy."

■ None of the exceptions noted above apply to the instant case. Respondent was represented by counsel at the board's hearing and was afforded the opportunity to contest the notice. There was ample evidence that he received an adequate and timely notice. No injustice results from applying the general rule in this case.[2]

**2.** The transcript of the circuit court proceedings contains a copy of respondent's applica-

tion for appeal to the Personnel Advisory Board. This was not introduced during the

Respondent places principal reliance upon our recent decision of *Wolf v. Missouri State Training School for Boys, supra.* Wolf was discharged by the training school and appealed to the Personnel Advisory Board contending, *before that board*, that he had not been given a notice of dismissal prior to the date of discharge. This court upheld Wolf's contention but the important distinguishing factor between *Wolf* and the instant case is that Wolf raised the point at the appropriate time before the board, whereas here the employee did not do so.

The reasoning of *United States v. L. A. Tucker Truck Lines, Inc., First-Citizens Bank & Trust Co. v. Camp,* and *Coffey v. Jordan, supra,* is sound and applicable to this case.

The court holds (1) there was substantial and competent evidence to support the Personnel Advisory Board's finding that respondent had been given a copy of the written statement of dismissal on the evening of April 25, 1974, when he reported for work at the Soldiers Home and that respondent discussed his impending dismissal with the superintendent on April 26, 1974, and (2) because respondent failed to raise any issue with respect to the adequacy of notice before the Personnel Advisory Board, he cannot raise that point for the first time on judicial review in the circuit court.

The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment sustaining the decision of the Personnel Advisory Board.

SEILER, C. J., and MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

RENDLEN, J., not participating because not a member of the court when cause submitted.

hearing in circuit court but was filed with appellants' post-judgment notice to amend judgment and opinion. The transcript was approved by the parties and no exception to the inclusion of this document was taken. The application for appeal which was prepared by respondent's attorney and signed by respondent on May 6, 1974, acknowledges that a no-

tice of dismissal was given to him. He stated, "The notice of suspension or termination was based upon the charge that the appellant [Mills] reported for work in an intoxicated condition. The true fact situation is that the appellant had had nothing to drink in the way of alcoholic beverages. The discharge is not for the good of the service."