GEORGE R. ALLEN, EXECUTOR, ETC., RESPONDENT, v. BENTON VAN HORN, APPELLANT.*

Kansas City Court of Appeals. November 26, 1928.

*Corpus Juris-Cyc References: Continuances, 13CJ, section 91, p. 168, n. 82; section 127, p. 183, n. 88; Executors and Administrators, 23CJ, section 425, p. 1192, n. 28; section 433, p. 1194, n. 51.

*Mytton & Parkinson* and *O. L. Linck* for respondent.

*K. D. Cross* and *Eastin & McNeely* for appellant.

ARNOLD, J.—This is a suit for an accounting brought by the executor of an estate against an alleged fiduciary agent of the testator.

The facts developed are that David Allen, a pioneer settler of Andrew County, Missouri, died testate at an advanced age, in June, 1926. He had suffered a cerebral hemorrhage with resulting paralysis in the summer of 1924, and thereafter and prior to October, 1925, as shown by plaintiff's evidence, his mental vigor was much impaired and he could not comprehend business transactions. In March, 1926, George R. Allen, son of the testator and plaintiff herein, was appointed guardian for his father and later qualified as executor under the will. As to the mental capacity of David Allen following the stroke defendant's evidence tends to show his powers of speech, rather than those of comprehension, were affected.

The record discloses that for many years before the death of David Allen and prior to October, 1925, Benton Van Horn, defendant herein, had acted in the capacity of fiduciary agent for Allen. Van Horn was an officer in certain banks in the county and David Allen had accounts therein. Plaintiff's evidence shows Van Horn withdrew money from said accounts, from time to time, without the signature of Allen or other authority from him except his authority as fiduciary agent; that Van Horn placed in the files of the bank's debit slips, instead of checks signed by Allen, for money so withdrawn; that he invested the money thus obtained in notes and other securities and at times would use Allen's money and give his own notes payable to Allen for the sums so used; that he profited one per cent on these transactions. Sometime in October, 1925, Van Horn, then an officer of the Farmers State Bank of Rea, Missouri, was indebted to David Allen in an amount in excess of $3000, as evidenced by two notes which were in an envelope in the bank in Van Horn's possession. On October 5, 1925, Van Horn took the two notes and paid them by crediting the account of David Allen in the bank with the amount of the notes with interest and on the same day he withdrew from Allen's account the sum of $3000 and then took two notes signed by one Canby Wright amounting to $3000, which were long past due and marked upon them "Sold to Allen." In his testimony defendant stated these Wright notes were his own personal property which he was selling to Allen. The evidence tends to show that on this date Wright was insolvent. Testifying on behalf of defendant Wright stated that on October 5, 1925, he owned 240 acres of land on which there was a deed of trust for $21,500, and that he had other indebtedness of about $15,000. The evidence discloses that Van Horn at all times knew of the financial *status* of Wright and testified that Wright made a state-

ment to him listing the property he owned and his indebtedness. At the time of the trial, the Wright notes were still in defendant's possession.

After plaintiff was appointed guardian for his father he called on defendant in company with his attorney, in an effort to arrive at the value of the estate, in order that the amount of his bond as such guardian might be fixed. At that time defendant showed them the two Wright notes, along with other securities, describing them as the property of David Allen and they were so listed. The notes showed they were not indorsed by Van Horn, but that they bore a notation "Sold to Allen." Later, as executor under the will, plaintiff again called upon defendant at the bank and again the Wright notes were presented to him as the property of David Allen, and they were listed as worthless in the inventory filed in the probate court. Plaintiff refused to receive the notes and thereafter filed this suit for an accounting.

The petition was filed February 21, 1927, and by leave of court was amended on October 12, 1927. Inasmuch as the petition is attacked for alleged failure to state a cause of action, it is deemed proper to set out in full the petition on which the cause went to trial, as follows:

"Plaintiff for cause of action states that in the month of June, 1926, David Allen died testate, with his mansion house and principal place of abode in Buchanan county, Missouri; that George R. Allen has been duly, regularly and legally appointed executor of the estate of David Allen, deceased, by his will and by the probate court of Buchanan County, Missouri, and is now the qualified and acting executor of the estate of David Allen, deceased; that in the lifetime of David Allen, and prior to October, 1925, the defendant became the fiduciary agent of David Allen for hire, to look after his affairs, take charge of his moneys and invest the same; that prior to said October, 1925, the defendant came into the possession of in excess of three thousand dollars ($3000) of the moneys of David Allen, deceased; that he has failed to account for the same and still fails and refuses to account for said money.

"Wherefore, plaintiff prays judgment against the defendant for such sum with interest from the —— day of October, 1925, as may be ascertained to be due."

Defendant's answer was a general denial but thereafter the answer was withdrawn and a demurrer filed, wherein it was stated: (1) The petition fails to state facts sufficient to constitute a cause of action; (2) the petition is brought to the equity side of the court whereas plaintiff's remedy, if any, would be at law; that the petition is multifarious and duplicitous for the reason that it joins therein in one count a pretended cause of action inconsistent with its prayer for relief, in that said petition complains that an accounting is due and has not been made, and prays judgment for a definite sum alleged

to be due plaintiff. The demurrer was overruled and defendant, with leave, refiled his original answer. A timely motion to transfer the cause to the law docket was likewise overruled, and the cause was tried to the court sitting as chancellor.

The decree rendered is as follows:

". . . the court having heard the evidence and the argument of counsel, finds for the plaintiff and against the defendant, and the court finds that the plaintiff George R. Allen, is the qualified and acting executor of the estate of David Allen, deceased, duly appointed by the probate court of Buchanan county, Missouri; that David Allen died testate in Buchanan county, Missouri, in June, 1926; that in his lifetime and on October 5, 1925, and long prior thereto, the defendant Benton Van Horn was the fiduciary agent of David Allen for hire to look after his financial affairs, take charge of his money and invest the same; that on the 5th day of October, 1925, the defendant came into possession of $3,131.83 of the money of David Allen; that on said date the said David Allen, now deceased, was mentally incapacitated; that the defendant invested said money in two notes for $1500 each, dated January 19, 1924, due six months after date, signed by C. A. Wright, which notes were on said date the property of Benton Van Horn; that said notes, and each of them, were past due and the interest on each of them in default and were worthless by reason of the insolvency of the maker; that said facts were known to the defendant, Benton Van Horn; that the attempted investment of said funds by the defendant as the fiduciary agent of David Allen, deceased, in notes belonging to said Benton Van Horn was ineffectual and void, and the defendant is properly chargeable with the amounts received by him on October 5, 1925; that there remains unaccounted for and unpaid the sum of $3000, with interest thereon from the 19th day of January, 1926, to date, at six per cent per annum, aggregating $3200.

"It is therefore decreed and adjudged that plaintiff have and recover of the defendant and that there be paid from the defendant to the plaintiff the sum of $3200, together with his costs in this behalf expended and have therefor execution."

Defendant's motions for new trial and in arrest were overruled and he has brought the case here by appeal.

The first charge of error here presented is that the action pleaded is on the common count for money had and received; second, that defendant was entitled to a jury trial; third that the action is one at law and not in equity.

We think the petition states facts sufficient to constitute a cause of action for an accounting, based upon the breach of a fiduciary relation. The demurrer to the petition therefore was properly overruled. The main question in the case is, did the defendant at the

time he substituted the Wright notes for his own debt to David Allen stand in a relation towards Allen which the law would call fiduciary. If he did, the burden is on him to show that the transaction was entirely fair and not an abuse of confidence. [Ryan v. Ryan, 279 Mo. 279, 73 S. W. 494.]

Further, it is said in the Ryan case, l. c. 285:

"The law expects men, not fit to be placed under guardianship, to take care of themselves. But this cold rule of law applies only where the relation between the parties to the transaction is not impressed with the character of trust and confidence reposed by the weaker in the stronger. By this is not meant a case in which the weaker may have trusted and confided when he had no right to trust and confide—when the parties were in fact dealing with each other at arm's length, but is meant a case in which the relation between the parties is such that the law gives to it a fiduciary character, one in which the weaker party not only may have in fact placed trust and confidence in the other, but in which that other owed a duty to the confiding weaker one."

In the case at bar the evidence shows the testator had reached an advanced age and that he was placed under guardianship a few months after the transaction in question. This is substantial evidence that he was not dealing with defendant at arm's length and such evidence was properly admitted for the purpose of showing the relationship between the two. This view disposes of defendant's objection that the court erred in admitting evidence as to the mental condition of David Allen. Another charge of error is based upon the action of the court in permitting plaintiff to amend his petition and in refusing to grant a continuance, thereby compelling defendant to proceed to trial. The amendment consists of a change in the last clause or prayer of the petition, making it read as follows:

"Wherefore plaintiff prays judgment against the defendant for such sum, with interest, from the ——day of October, 1925, as may be ascertained to be due."

We deem it unnecessary to cite authorities in support of the proposition that the prayer is no part of the petition, and that an amendment of the prayer would not entitled defendant to a continuance. Moreover, defendant filed no affidavit of surprise setting up grounds for a continuance and thereby waived any right thereto he may have had.

As to defendant's points that the suit is properly one at law and defendant was entitled to a jury trial, we have partially covered this question in what has been said in discussing the demurrer. The facts in evidence, in our opinion, show conclusively that defendant had a duty to perform in handling the affairs of David Allen and

he should not be permitted to take a benefit to himself inconsistent with that duty. It is said in Studybaker v. Cofield, 159 Mo. 1. c. 612:

"The law is as cautious in defining a fiduciary relation in the sense in which we are now using that term as it is in limiting by definition the boundaries within which fraud may be pursued. . . . It is in each case a question of fact. The law regards the real rather than the nominal condition."

It was proper for a court of equity to inquire into all the acts of defendant in the transactions in question. We hold the learned chancellor had complete jurisdiction to hear the evidence and afford such relief as was found to be just and equitable.

Other points argued by defendant are answered in what has been said. The decree is for the right party and is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.