Iva KALBERLOH, Administratrix of the
Estate of William Floyd Denney,
Plaintiff-Appellant,

v.

Shandy STEWART, Jr., and Betty Stewart,
his wife, Shandy Stewart and Hazel Stew-
art, his wife, and Frank Thomason and
Imogene Thomason, his wife, Defendants-
Respondents.

No. 8270.

Springfield Court of Appeals.

Missouri.

May 6, 1964.

Richard C. Collins, Bolivar, for plaintiff-appellant.

John M. Belisle, Belisle, McNabb & Kyser, Butler, for defendants-respondents.

PER CURIAM.

This case involves a question of pleading. The abovenamed appellant-administratrix brought suit against the abovenamed defendants-respondents by petition as follows:

## PETITION FOR DECLARATORY JUDGMENT AND FOR ACCOUNTING

1. Plaintiff states that William Floyd Denney, being the same person also known as W. F. Denney and W. F. Denny, died on February 12, 1962; that on February 19, 1962, plaintiff was appointed Administratrix of the Estate of said William Floyd Denney and Letters of Administration issued to her; that since February 19, 1962, plaintiff has been and still is the administratrix of the estate of said William Floyd Denney, and acting as such administratrix.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

2. For her first cause of action plaintiff states that about 1953 or 1954 W. F. Denney, plaintiff's intestate, lent defendants Frank Thomason, Imogene Thomason, Shandy Stewart, Jr., and Betty Stewart, the sum of Twelve Thousand ($12,000.00) Dollars; that of said sum the amount of Ten Thousand ($10,000.00) Dollars was paid about February 13, 1953, to Shandy Stewart, Jr.; that the remaining Two Thousand ($2,000.00) Dollars of said sum was paid by plaintiff's intestate to one or more of the four last named defendants about September, 1954, or prior thereto. Plaintiff further states that said loan was guaranteed by defendants Shandy Stewart and Hazel Stewart.

3. Plaintiff further states that at various times payments were made on the principal of said sum and that a total of Three Thousand Five Hundred ($3,500.00) Dollars has been paid on said principal of Twelve Thousand ($12,000.00) Dollars, leaving a balance due of Eight Thousand Five Hundred ($8,500.00) Dollars. That interest on said sum has been paid from time to time by one or more of the four last named defendants at the rate of six (6%) per cent per annum; that the interest on the balance due of Eight Thousand Five Hundred ($8,500.00) Dollars has been paid up to September 4, 1961.

4. That said money was lent for a term of one year and was renewed each year by the payment of interest thereon, each such yearly renewal being for a term of one year. That the balance of Eight Thousand Five Hundred ($8,500.00) Dollars is now due and payable on September 4, 1962.

5. Plaintiff further states that defendants and each of them have denied they owed plaintiff Eight Thousand Five Hundred ($8,500.00) Dollars, or any other amount.

WHEREFORE, plaintiff prays for a judgment determining the rights and liabilities of plaintiff and defendants

with respect to said money loaned; and for a determination that defendants will, on September 4, 1962, owe plaintiff the sum of Eight Thousand Five Hundred ($8,500.00) Dollars, together with interest thereon at the rate of six (6%) per cent per annum, for one year.

## SECOND CAUSE OF ACTION: ACCOUNTING

6. For her second separate and distinct cause of action, plaintiff states that W. F. Denney, plaintiff's intestate, lent money at various times since 1953 to defendants Shandy Stewart, Jr., Betty Stewart, Frank Thomason and Imogene Thomason. That said defendants have at various times repaid part of the principal of such loans and have always paid the interest on said loans. That plaintiff believes that said defendants still owe plaintiff on account of such loans, the sum of Eight Thousand Five Hundred ($8,500.00) Dollars with interest thereon at six (6%) per cent per annum from September 4, 1961, which principal and interest are due and payable on September 4, 1962. That defendants have admitted that at various times they were indebted to plaintiff's intestate for various amounts but now deny they owe plaintiff Eight Thousand Five Hundred ($8,500.00) Dollars and refuse to furnish an accounting of the financial transactions between the parties.

WHEREFORE, plaintiff prays for an accounting of all transactions between plaintiff's intestate and defendants Shandy Stewart, Jr., Betty Stewart, Frank Thomason and Imogene Thomason, from 1953 to February 12, 1962; and for a determination that said defendants and each of them are indebted to plaintiff in the sum of Eight Thousand Five Hundred ($8,500.00) Dollars, which sum is due and payable on September 4, 1962, with interest thereon at the rate of six (6%) per cent per annum for one year.

(Said document bears filing stamp "FILED MAY 1, 1962.")

■ Defendants filed separate motions to dismiss on the grounds, (1) the petition fails to state a claim upon which relief may be granted, and (2) the petition is so indefinite and uncertain that the defendants are not apprised of the nature and character of the action against them and for that reason are unable to prepare responsive pleadings. These motions were sustained. The court gave no indication of the basis for his ruling, nor did he "otherwise specify" (S.Ct. Rule 67.03, V.A.M.R.); so we must take the dismissal as being with prejudice. Texas-Western Co. v. Giesecke, Mo. App., 342 S.W.2d 266; Heard v. Frye's Estate, Mo.App., 336 S.W.2d 729. After unsuccessful motion for new trial, plaintiff has appealed.

■ In interpreting the petition we must remember that we give the pleading the benefit of every reasonable intendment. A petition is not ordinarily to be held insufficient merely because of lack of definiteness or uncertainty in allegation, or because of informality in the statement of an essential fact. S.Ct. Rule 55.26, V.A.M.R.; Mathews v. Pratt, Mo., 367 S.W.2d 632, and cases at 634.

Did count one state a cause of action for a declaratory judgment? Section 527.040, RSMo, V.A.M.S., reads:

"Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or *cestui que* trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

"(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

"(2) To direct the executors, administrators, or trustees to do or abstain

from doing any particular act in their fiduciary capacity; or

"(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Section 527.050, RSMo, V.A.M.S., is as follows:

■ "The enumeration in sections 527.020 to 527.040, does not limit or restrict the exercise of the general powers conferred in section 527.010, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

An administratrix represents beneficiaries as well as all persons interested in the estate, and she is under a primary duty to collect all monies and assets due the estate. Mathews v. Pratt, supra, Mo., 367 S.W.2d 632(8, 9), 636; State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W.2d 446.

■ A proceeding for a declaratory judgment is *sui generis* and, although not in and of itself strictly either legal or equitable, its historical affinity is equitable. Hudson v. Jones, Mo.App., 278 S.W.2d 799, and cases at 803; Walsh v. St. Louis County, Mo., 353 S.W.2d 779, 785. The action is designed to supply a deficiency in our remedial proceedings and not intended as a substitute for all existing remedies (Buford v. Lucy, Mo., 328 S.W.2d 14, and cases at 18); and, if the plaintiff has an adequate remedy at law, he may not resort to a separate suit in equity or to the Declaratory Judgment Act. Glueck Realty Co. v. City of St. Louis, Mo., 318 S.W.2d 206, and cases at 211.

■ Returning to the first count of the petition: It does not allege, or state, facts from which we can find that plaintiff has no adequate remedy at law. It does not seek to "ascertain any class of creditors," et cetera. It simply declares that a debt (for money loaned to all defendants), not yet due, exists. It does not express any doubt or question as to whether the debt should be inventoried or how the claim should be classified; nor does it represent that there is any note or other instrument or any agreement, verbal or otherwise, which requires interpretation or construction. As nearly as we can interpret the allegations, it simply alleges that money has been loaned, that a certain unpaid balance is owed, and that defendants deny they owe it. The petition could be treated as an action for debt but for the fact it makes it appear that the loan, having been renewed, is not due until September 1962, and (since the action was instituted on May 1, 1962) therefore such action is premature. As a whole the allegations are so indefinite that they do not convey any intelligible theory as to the basis upon which plaintiff resorts to the declaratory judgment proceeding. Plaintiff relies upon Dillard v. Thomas, 241 Mo.App. 773, 270 S.W.2d 548, to bring the case under the Declaratory Judgment Act; but that case clearly involved the interpretation of certain limitations of liability contained in a written promissory note. We have none here.

The respondents assert (and the appellant seems to inferentially concede) that the circuit court had no jurisdiction in this action because the plaintiff had adequate remedy at law by a proceeding to discover assets in probate court (§§ 473.340, 473.350, 472.010 [25], RSMo, V.A.M.S.); and, if the discovery remedy is available and adequate, that position is correct. Maus, Missouri Practice, Probate Law and Practice, § 871; Caldwell v. First Nat. Bank of Wellston, Mo.App., 283 S.W.2d 921; Mathews v. Pratt, supra; State ex rel. Chicago Cardinals Football Club, Inc. v. Nangle, Mo., 369 S.W.2d 167; In re Frech's Estate, Mo., 347 S.W.2d 224; see Courier v. Scott, Mo., 336 S.W.2d 375. It has been stated, however, that discovery will not lie simply for the collection of a debt (see Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353 [20], 360; Maus, § 869, p. 181); and it might at least be argued that the bare denial of a plain,

**824**

simple debt, *owed* but not yet due, is not a "concealment" or "wrongful withholding" of "property" of the decedent. The petition is so indefinite and so bare of necessary allegations that we feel we should not attempt to rule on this contention. What we have said hereinbefore is sufficient to uphold the ruling of the court in sustaining the motion to dismiss as to this count.

■ As to count two, the action for an accounting: The usual elements involved in such a proceeding are (a) the need of discovery, (b) the complicated nature of the accounts, (c) the existence of a fiduciary or trust relationship, and (d) the inadequacy of legal remedy (Edwards v. Sittner, Mo.App., 213 S.W.2d 652; Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606; Robert v. Davis, 235 Mo.App. 974, 142 S.W.2d 1111, 1115; see Coleman v. Kansas City, Mo., 351 Mo. 254, 173 S.W.2d 572, 576); whereas the action on account or for money had and received is an extremely broad and flexible remedy on the law side. Montgomery v. College Mound Sec. Trust Co., Mo.App., 10 S.W.2d 971; Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606.

■ The petition does not allege any fiduciary relationship, trust or confidence, undue influence, fraud, overreaching, concealment, or other matters which might call for an appeal to the equity side. The case relied upon by plaintiff, Allen v. Van Horn, 222 Mo.App. 930, 10 S.W.2d 969, involved a suit against a *fiduciary agent* who had a duty to account. Hence, it is not in point. The facts alleged are insufficient to inform as to whether or not the plaintiff intended to rely upon some fiduciary duty to account, and we must therefore hold the trial court was not in error in dismissing it.

■ As stated, the effect of the dismissal was with prejudice. The record does not show any refusal to plead further, and the plaintiff was given no time or opportunity to further plead. S.Ct. Rule 67.05, V.A.M.R., provides that on sustaining a motion to dismiss the court shall freely grant leave to amend and shall specify the time for such pleading. If the amended pleading is not filed within such time, then final judgment of dismissal with prejudice shall be entered. We believe the dismissal with prejudice was too harsh under the circumstances. We have power to render such judgment as should have been rendered, and we believe that justice demands that the judgment of the trial court should be modified by ordering the dismissal without prejudice. The judgment is so modified and as so modified is affirmed.

All concur.