Bobbie Lee **THOMPSON**, Plaintiff-Appellant,

v.

**FIBER–LUM, INC.**, a Corporation, and Louis B. Susman, Trustee, Defendants-Respondents.

No. 33915.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Carson, Inglish, Monaco & Coil, Michael P. Riley, Jefferson City, J. W. Stipelman, University City, Richard Baron, St. Louis, Harold E. Scheppner, Jr., Clayton, for plaintiff-appellant.

Shifrin, Treiman, Schermer & Gallop, Louis B. Susman, Gary S. Heifetz, Henry G. Morris, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

Plaintiff appealed to the Supreme Court of Missouri from an order of the trial court dismissing, with prejudice, her original petition. The Supreme Court held that it lacked jurisdiction to entertain the appeal and transferred the cause to this court. We reverse and remand.

Since plaintiff makes no claim that the trial court erred in ruling that the plaintiff's petition failed to state a claim in equity upon which relief could be granted we need only summarize plaintiff's petition. In it plaintiff alleged that she was the owner of property situated at 5205–07 Page Boulevard, St. Louis, Missouri; that on or about June 27, 1968, she entered into a contract with defendant Fiber-Lum, Inc., a corporation, to perform certain remodeling of plaintiff's home, which remodeling was to conform to the Minimum Housing Standards Ordinance of the City of St. Louis; that on or about July 1, 1968, plaintiff executed a deed of trust on her property to Sheldon D. Grand as trustee, to secure a note payable to Fiber-Lum in the sum of $7512.12; that said note, secured by the deed of trust, was purchased by Dealers Acceptance Corporation; that the initial cost of the remodeling job as set out in the contract between plaintiff and Fiber-Lum was $4185.00, "which price was grossly excessive and totally unrelated to the work which was actually performed, and this amounts to a failure of consideration and fraud"; that the deed. of trust was recorded in the office of the recorder of deeds for the city; that Fiber-Lum failed to perform a portion of the work "he" (sic) contracted to do, and that work which it did perform was unacceptable to the city; that Louis B. Susman succeeded Sheldon D. Grand as trustee of said deed of trust, and advertised plaintiff's property for sale, scheduled to take place on November 26, 1968; and that although so requested by plaintiff, defendant refused to release said deed of trust. Plaintiff's prayer was that the court order the deed of trust set aside; that in the meantime defendants be enjoined and restrained from disposing of said property; for her costs; and for any other relief the court deemed meet and just.

Plaintiff's petition was filed on November 20, 1968. On the same day the court, at plaintiff's request, issued an order on the defendants to appear on November 25, 1968, at 10:00 A.M., and show cause "* * * 'why the sale of Deed of Trust should not be set aside as prayed.'" On November 25 proof of service on Louis B. Susman, trustee was filed, counsel for defendants entered their · appearance, and the hearing was passed to the next day on the defendants' agreement not to hold the foreclosure sale prior to or during the

hearing. On November 26, defendants filed their motion to dismiss the plaintiff's cause of action on the grounds that the plaintiff had an adequate remedy at law and on the further ground that plaintiff's petition did not state a cause of action. On the same day defendants filed an answer which requires no further description other than the statement that defendants thereby denied the material portions of plaintiff's petition, and prayed for the dismissal of plaintiff's action, with costs.

As best we can determine from the transcript as to what occurred at the hearing on November 26, 1968, plaintiff's counsel, at the very start of the hearing, asked leave to amend the petition, "with respect to certain things that we have lately discovered, as lawyers, since the filing of the suit * * *", which plaintiff's counsel stated, were nothing new to defendants and would not catch them by surprise.

"THE COURT: I grant you leave to amend.

"THE CLERK: Your honor, he will have to get a new order to show cause."

There then occurred a colloquy between both counsel and the court regarding the proposed amendment, and the time for defendants to answer, and the new order to show cause, during the course of which counsel for defendants stated that while he was desirous of arguing his motion to dismiss, as an alternative he would be willing to delay the foreclosure if plaintiff would be willing to put up a bond to cover the costs thereof. Further discussion ensued regarding the plaintiff's proposed amendment and the resulting need for a new order to show cause, which concluded as follows:

"THE COURT: If there is an amendment, I, as a Court, have got to issue an order to show cause to the new horse, because I'm not dealing with the old petition and the order to show cause is related to the old petition. I have got to, the order requires it.

"MR. STIPELMAN (plaintiff's counsel): That's a square deal, your honor. I won't amend my petition. Let the old petition stand as it is."

Thereupon the court heard the argument of both counsel on the defendants' motion to dismiss and ruled, in effect, that no cause of action in equity was alleged in the petition, but only a breach of contract. Page after page follows in the transcript of more colloquy between plaintiff's counsel and the court regarding the court's ruling. The court remained adamant, again stated that no cause of action in equity had been pleaded, and announced: " * * * I dismiss the petition." At that point plaintiff's counsel asked for leave to file an amended petition. Another lengthy colloquy between the court and counsel followed, during which plaintiff's counsel also asked the court to reconsider the court's dismissal of the cause with prejudice. After further discussion by the court and counsel the court declined to grant both requests, and the following order was entered:

" 'Hearing of order to show cause called, parties appear in person & by attorneys, defendants motion to dismiss heretofore filed argued & sustained; cause dismissed with prejudice at plaintiff costs.

" 'Order to show cause is cancelled.' 'November 26, 1968. So ordered Waldo C. Mayfield, Judge of Division Two.' "

While in her brief plaintiff states three points relied on, the substance of all three is that the court erred in refusing to grant leave to the plaintiff to file an amended petition, and in dismissing plaintiff's cause of action with prejudice. We agree. Plaintiff had made a timely request for leave to file an amended petition when the court sustained defendants' motion to dismiss, as Cady v. Hartford Accident and Indemnity Co., Mo., 439 S.W.2d 483 indicates

is necessary. Civil Rule 67.05, V.A.M.R., provides:

"On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default."

While there are decisions which hold that under certain circumstances a court may exercise its discretion in granting, or refusing to grant, leave to amend, an examination of the cases reveal that in general the discretion is affected by the timeliness of the application, contrast Parsons Construction Co. v. Missouri Public Service Co., Mo., 425 S.W.2d 166 with Hamilton v. Slover, Mo., 440 S.W.2d 947; by the record of the case as to plaintiff's unsuccessful prior attempts to state a claim for relief, Cady v. Hartford Accident and Indemnity Co., supra; Saigh ex rel. Anheuser-Busch v. Busch, Mo.App., 396 S.W. 2d 9; by the amendment proposed, and other factors. However, in the instant case it was the plaintiff's original petition which was held (rightly or wrongly we are not called upon to decide) to be deficient, and in accordance with the letter as well as the spirit of Civil Rules 67.05 and 55.53, the general policy in such cases is well stated in Dietrich v. Pulitzer Publishing Co., Mo., 422 S.W.2d 330, 334:

"Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired. See the general policy concerning amendments to pleadings in Civil Rule 55.53, V.A.M.R., and see also Burke v. City of St. Louis, Mo., 349 S.W.2d 930. * * *"

And in addition to Burke, see Rubbelke v. Aebli, Mo., 340 S.W.2d 747; Stoffel v. Mayfair-Lennox Hotels, Inc., Mo.App., 387 S.W.2d 188, and Kalberloh v. Stewart, Mo. App., 378 S.W.2d 820.

In the instant case various claimed facts not pleaded in the first petition, which plaintiff's counsel mentioned as a possible basis for an amended petition, were alluded to in the discussions with the court, including the fact that the note and deed of trust were still held by the payee, defendant Fiber-Lum; and that the amount of the note, $7512.12, included interest of $3300.00 claimed by counsel to be usurious. Counsel for plaintiff expressly stated that he was not asking the court for any delay of the foreclosure sale. Defendants' counsel stated that plaintiff had filed a lis pendens, so that purchasers at the sale would have been put on notice of the litigation. While arguing in its brief that the reference to "fraud" was a conclusion, inferentially, at least, defendant implies that had the petition contained allegations of circumstances constituting fraud with particularity (see Schnuck v. Kriegshauser, Mo., 371 S.W.2d 242), or allegations as to duress, undue influence, confidential relationship or similar matters, a claim in equity for relief might have been stated. Under all the circumstances which existed in the present case we believe the court's refusal to grant plaintiff leave to file an amended petition and its dismissal of the cause with prejudice was too harsh. Kalberloh v. Stewart, supra.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the plaintiff's petition without prejudice for failing to state a claim upon which relief may be granted, and to grant plaintiff leave to file an amended petition.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment reversed and cause remanded with directions.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.