John SCHMITT, Plaintiff-Appellant,

v.

CITY OF HAZELWOOD, a Municipal corporation, and Gulf Oil Corporation, a corporation, Defendants-Respondents.

No. 34449.

Missouri Court of Appeals,
St. Louis District.

Nov. 21, 1972.

Raskas, Ruthmeyer & Schneider by Robert J. Wynne, St. Louis, for plaintiff-appellant.

Louis S. Czech, Clayton, Donald E. Willson, Charles L. Magee, Kansas City, for defendants-respondents.

KELLY, Judge.

This is a suit filed by the lessee of a parcel of property within the defendant City of Hazelwood on which plaintiff operates a service station and car wash for a judicial declaration that the City has illegally enacted a resolution granting the defendant Gulf Oil Company a "Special Land Use Permit" for the operation of a car wash on a plot of ground in "close proximity" to plaintiff's place of business, hereinafter referred to as "Lot 4", and for injunctive relief.

In the trial court the defendants (hereinafter referred to as "the City" and "Gulf", respectively) filed separate motions to dismiss plaintiff's petition on the following grounds:

1. failure to state a cause of action either at law or equity;

2. lack of standing to bring the action; and

3. failure to exhaust his administrative remedies.

The trial court sustained these motions and plaintiff appealed.

The trial court in its order sustaining defendants' motions to dismiss gave no indication of the basis for his ruling nor did he otherwise specify whether the dismissal was with prejudice. We must, therefore, take the dismissal as being with prejudice. Kalberloh v. Stewart et al., Mo.App., 1964, 378 S.W.2d 820, 822(1); Rule 67.03, V.A.M.R. We must also examine each ground raised in the motions to dismiss filed by the defendants to determine whether the action of the trial court can be sustained on any one or more of the grounds stated.

In determining the sufficiency of plaintiff's petition to state a claim for a declaratory judgment, we must accord it the benefit of every favorable and reasonable intendment the facts well pleaded will permit, and a petition is not ordinarily held to be insufficient merely because it lacks definiteness or is uncertain in its allegations. Kalberloh v. Stewart et al., supra, l.c. 822(2). Whether or not this petition for declaratory judgment is sufficient depends upon whether the averments of the petition " 'invoke substantive principles of law which entitle plaintiff to relief.' " Pollard v. Swenson, Mo.App., 411 S.W.2d 837, 840(4). "These substantial principles of law require that a petition invoking declaratory relief allege a state of facts which shows a subsisting justiciable controversy between the parties as to their respective rights and duties, admitting of specific relief by way of a judgment conclusive in character and determinative of the issue involved. * * * Plaintiffs must show that they have a legally *protectible* interest at stake and the question they present is appropriate and ripe for judicial decision. * * * The facts on which the decision is demanded must have accrued so that the judgment declares the existing law on an existing state of facts." Higday v. Nickolaus, Mo.App., 1971, 469 S.W.2d 859, 862, 863(2).

We now proceed to examine plaintiff's petition to see whether the averments contained therein invoke substantial principles of law which entitled plaintiff to relief.

In substance, plaintiff's petition alleges that he is a resident of St. Louis County, Missouri, and the lessee of premises in the City of Hazelwood, Missouri, where he operates a service station and car wash; that defendant Gulf owns a parcel of land referred to as Lot 4 which is situated "in close proximity" to his service station and car wash; that both his service station and car wash and defendant Gulf's Lot 4 are located in a zoning district—"G" Commercial—established by Ordinance No. 565 (the Comprehensive Zoning Ordinance of the City); that service stations and car washes are prohibited in "G" Commercial zoned areas, except that a service station may be authorized by special permit and a car wash may be authorized after a public hearing in accordance with certain requirements of the Comprehensive Zoning Ordinance, Ordinance No. 565.

Plaintiff further avers that on February 4, 1970, an ordinance—Ordinance No. 776—was enacted granting Gulf a special land use permit to erect a service station on Lot 4; and that subsequently, on August 4, 1971, the City Council enacted Resolution No. 7111 which "purportedly" authorized the "Modification of a Service Station and Car Wash As a Special Land Use Permit Under Provision of the Zoning Laws of the City of Hazelwood, Missouri, . . . . ."; that Gulf has obtained or will obtain building permits to construct a service station and car wash on Lot 4 pursuant to the authority of the Ordinance and the Resolution aforesaid.

Plaintiff further alleges that Ordinance No. 776 validly authorizes the operation of a service station on Lot 4, but that it does not authorize the construction and operation of a car wash on Lot 4, nor can it be construed to do so; that Resolution No. 7111 is invalid, void and unconstitutional on enumerated procedural grounds, includ-

ing among others, the failure to comply with notice requirements and public hearings as required by Sections 89.050 and 89.060 V.A.M.S., the Charter of the City of Hazelwood, Missouri, and the Comprehensive Zoning Ordinance of said City, Ordinance No. 565. He further avers that these legislative enactments are violative of rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article 1, Sections 2 and 10 of the Constitution of the State of Missouri, 1945, V.A.M.S.

Plaintiff then alleges that by reason of his being a lessee of property located within the City of Hazelwood, Missouri in very close proximity to Lot 4 which is in the same zoning district as Lot 4, and by reason of his operation of a service station and car wash on the leased premises aforesaid, he is sustaining and will in the future sustain "irreparable damage" to his leasehold interest and the business he conducts thereon by the execution and enforcement of the void Ordinance and Resolution aforesaid.

He asks the Court to interpret the provisions of Ordinance No. 776 to permit the operation of a service station on Lot 4, but to exclude and deny the operation of a car wash thereon; to declare Ordinance No. 776 void if it is construed to permit the operation of a car wash on Lot 4; to declare Resolution No. 7111 void, but if it is found not to be void, then to declare that it does not alter or amend the restrictions of Ordinance No. 565, Ch. X, Sec. 2, Para. 22, and that said Ordinance prohibits the operation of a car wash on Lot 4; to enjoin the City, its officers, agents and employees from enforcing the provisions of Ordinance No. 776 and Resolution No. 7111 insofar as they would permit by a special land use permit the construction and operation of a car wash, and to direct the City and its officers, agents and employees to enforce the provisions of Ordinance No. 565, Ch. X, Sec. 2 prohibiting the use of Lot 4 for a car wash; and to enjoin Gulf, its officers, agents and employees from constructing and operating a car wash on Lot 4.

Before proceeding further, there are certain chronological matters we glean from the pleadings—and which, because of the nature of these motions, we must take as true—; they are:

1. that the Village of Hazelwood, Missouri, came into existence sometime in September, 1949;

2. that at a special election on October 14, 1969, the voters of the Village adopted a Home Rule Charter which became effective on April 7, 1970, at which time the name of the Village was changed to the City of Hazelwood, Missouri;

3. that on February 4, 1970, the Board of Trustees of the Village enacted Ordinance No. 776 granting defendant Gulf a special land use permit for the construction and operation of a gasoline service station on Lot 4;[1]

4. that when the Home Rule Charter took effect on April 7, 1970, Article XII, Section 3 thereof provided that all ordinances, regulations and resolutions in

---

1. The Ordinance reads as follows:

"Section 3(a) That the location and use shall be solely for the sale of gasoline, petroleum products, tires, batteries, automotive accessories, together with soft drinks, (except by the carton or case), cigarettes, candy and other such merchandise normally sold by service stations. Service and minor mechanical work normally performed at service stations shall also be permitted, but in no event shall motor vehicle body repair work or major mechanical work such as complete engine or transmission overhauls be permitted. Without limiting the generality of the foregoing, all service and mechanical work required to bring a motor vehicle into conformity with the motor vehicle safety inspection law adopted by the State of Missouri is expressly authorized.

(b) Sale of Merchandise other than expressly permitted is denied and no other commercial use shall be made of the location or premises."

force at the time in the Village, and not inconsistent with the provisions of the new Charter were to remain in full force and effect until altered, modified or repealed by the City Council;

5. that thereafter, on August 4, 1971, the City Council enacted Resolution No. 7111 authorizing the car wash here under attack.[2]

While courts must take judicial notice of the Home Rule Charter of the City of Hazelwood adopted pursuant to Article VI, Section 19 of the Constitution of Missouri, 1945, and the statutes of the State if pleaded by title and place where found in the session acts or in the revised statutes, Sec. 509.220 V.A.M.S. and Rule 55.23(a) V.A.M.R., courts will not take judicial notice of municipal ordinances, but said municipal ordinances must be pleaded either in haec verba or in substance before the reviewing court can consider them. Mo.Digest, Municipal Corporations,

Inspection of plaintiff's petition demonstrates that while he did in certain instances plead the substance of the sections of the Comprehensive Zoning Ordinance, Ordinance No. 565 of the Village of Hazelwood, the allegations of non-compliance amount to mere conclusions unsupported by any factual averments. This is not sufficient. Nor did he attach those sections of the Comprehensive Zoning Ordinance to his petition and incorporate them by reference as he did Ordinance No. 776 and Resolution No. 7111. We may not measure the sufficiency of plaintiff's petition against the requirements of the Comprehensive Zoning Ordinance to determine whether or not the trial court erred in its ruling.

There is no real controversy with respect to Ordinance No. 776, since the only special land use permit authorized is for a service station and even Gulf recognized this when it applied for the special land use permit for the construction and operation of a car wash in conjunction with its service station on Lot 4, and the City undertook to grant it by enacting Resolution No. 7111. We shall therefore not pursue this aspect of the appeal further.

With reference to plaintiff's attack on Resolution No. 7111 we must examine his allegations with reference to the requirements of Sections 89.050 and 89.060 V.A. M.S. and the provisions of the City Charter not inconsistent therewith.

Plaintiff contends that the enactment of Resolution No. 7111 was an amendment of the comprehensive zoning ordinance of the City and therefore the requirements of Section 89.060 V.A.M.S. control. This is so, he contends, because the City by the terms of the comprehensive zoning ordinance, Ordinance No. 565, Article XXI, Section 1 so provides. However, as we have pointed out heretofore, we do not have the benefit of the Ordinance or the sections upon which he relies within our purview in the state of the pleadings at this time. Plaintiff has failed to plead in what manner the notice and public hearing requirements of the Ordinance have not been complied with. Plaintiff not only pleaded Resolution No. 7111 in substance, but he has filed a copy of said Ordinance as an exhibit with his petition and has incorporated it by reference. On its face the Resolution recites compliance with the applicable provisions of the City ordinance, submission of the application for the issuance of a special land use permit to the Zoning Commission, the recommendation

2. Plaintiff attacks the procedural notice and hearing requirements under the provisions of the Comprehensive Zoning Ordinance which he identifies as Ordinance No. 565 and subsections thereunder with respect to Resolution No. 7111; in its brief Gulf contends that the controlling

Ordinances of the City are Nos. 32-41, 32-76, and 32-83, which comprise the Comprehensive Zoning Ordinance of the City of Hazelwood. (It does not, however, state when these provisions became the Comprehensive Zoning Ordinance.)

of the Zoning Commission that said permit be granted, publication, public hearing and enactment. Absent specific averments to traverse these recitations in the Resolution, plaintiff's pleading is insufficient. The mere labelling of a legislative enactment a "resolution" would not be conclusive on the court; for it has been held that if a "resolution" was duly enacted in compliance with the statutory requirements, the action of the legislative body is valid nonetheless. State ex rel. Town of Canton v. Allen, 178 Mo. 555, 573, 77 S.W. 868, 874. If a measure fulfills the requisites of an ordinance its name or form is ordinarily unimportant. City of Barre v. Perry & Scribner, 82 Vt. 301, 73 A. 574, 576. If the enactment, whatever its title, was in compliance with the statutory requirements, the enactment will be held valid. Murrell v. Wolff, Mo., 408 S.W.2d 842, 848.

Section 89.050 V.A.M.S. requires that before the comprehensive zoning ordinance adopted pursuant to the powers granted by Ch. 89 V.A.M.S. may be amended, supplemented or changed there must be at least 15 days notice of the time and place of a public hearing in relation to such published in an official paper or a paper of general circulation in the municipality so that parties in interest and interested citizens have an opportunity to be heard. Section 89.060 V.A.M.S. provides that such regulations, restrictions, and boundaries may be amended, supplemented, changed, modified or repealed; however, if a protest against such change duly signed and acknowledged by the owners of ten per cent or more, either of the areas of the land (exclusive of streets and alleys) included in such proposed change or within an area determined by lines drawn parallel to and one hundred and eighty-five feet distant from the boundaries of the district proposed to be changed, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of the municipality. The provisions of section 89.050 relative to public hearing and official notice shall apply equally to all changes or amendments.

The copy of Resolution 7111 states that the notice requirements of Section 89.050 relative to public hearing were complied with and plaintiff does not traverse this by pleading facts to the contrary.

Article VIII, Section 4 of the City Charter provides that no modification, amendment or revision of the zoning ordinance shall become effective until the Council has held a public hearing in relation thereto; and that the Council shall cause notice of the time, place and purpose of such hearing to be published in two (2) consecutive issues of a newspaper of general circulation in the City, the first notice of which shall be published at least fifteen (15) days prior to the date of the hearing, and shall, in addition, cause similar notices to be prominently posted at least fifteen (15) days prior to the hearing in no less than ten (10) places in the City, and that five (5) or more of said notices shall be posted in the immediate vicinity of the property which would be affected by the proposed change. It is further required that at least ten (10) days prior to such hearing by the Council it shall cause to be mailed a written notice to the last known place of abode of the owners of all property within one hundred eighty-five (185) feet of all boundaries of the property under consideration. The provisions pertaining to public protests against changes in the zoning ordinance as provided by State law for all incorporated cities situated in counties having a population of 10,000 or more inhabitants are made applicable. Section 89.060 V.A.M.S. requires that in cases of protest such amendment shall not become effective except by a favorable vote of three-fourths of all members of the legislative body of the municipality. If, as plaintiff contends, the granting of a special use permit constitutes an amendment to the comprehensive zoning ordinance, then it is clear that Resolution No. 7111 does not recite compliance with the applicable Charter

provisions relative to the posting of the notice of hearing nor the mailing of same to the property owners specified in the Charter.[3]

Comprehensive zoning ordinances are enacted by the legislative body of a municipality in this State for the purpose of promoting health, safety, morals or the general welfare of the community. They promulgate a scheme of development in the municipality and preserve the character of the neighborhoods in the interest of the public in general. Section 89.020, V.A.M. S.[4] Plaintiff in his petition avers that he is operating a gasoline service station and car wash in a district zoned "G" Commercial; that the operation of a service station or car wash is prohibited in said zone except by special land use permit. He is a lessee of the land on which he operates his business, yet he fails to allege the nature of his leasehold, its term, or how much longer it has to run, and whether at the end of its term he has an option to renew. Nor does he allege in what manner the granting of a special land use permit to Gulf for the operation of a car wash will adversely affect his leasehold interest, except to contend that he is and will in the future sustain "irreparable damage." He fails to allege how, or in what manner, the operation of a car wash by Gulf will affect the public health, safety, morals or general welfare of the community nor how it will affect the scheme of development of the community in the municipality nor the preservation of the character of the neighborhood in the public interest. The only

adverse effect he alleges with respect to his leasehold interest is that the operation of a car wash by Gulf on Lot 4 in close proximity to his place of business will afford him competition from which he is and will in the future sustain "irreparable damage." Comprehensive zoning ordinances are not intended to confer business monopolies on individuals.

Nor may a declaratory judgment action be invoked to stifle competition. In Nantucket Boat, Inc. v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority et al., 1963, 345 Mass. 551, 188 N.E.2d 476, 478, the court said:

"Boat, Inc., has not alleged that it has any special standing given to it by statute * * * to proceed against the defendants or any special or exclusive franchise or license to operate boats between Hyannis and Nantucket * * * or that otherwise it has special standing to protect some property or privilege owned by it. * * * Boat, Inc., in effect asserts merely that it will be subjected to business competition by or authorized by a State instrumentality and thus exposed to loss. Apart from special circumstances not here alleged, one injured by such competition has no standing to maintain a proceeding of this general character."

We hold that plaintiff's petition failed to allege facts to show that he is entitled to the relief sought. He has failed to aver sufficient facts to show that he has

---

3. Defendant Gulf contends that the action of the Council in granting a special land use permit is controlled by Section 32.76 of the Comprehensive Zoning Ordinance and does not constitute an amendment to the zoning ordinance but is merely an administrative determination by the plan commission and the city council and may be done by Resolution. Unfortunately said Party did not see fit to attach a copy of the appropriate sections of the ordinance and we are therefore precluded from considering their position in this respect.

4. Section 89.040 V.A.M.S.—"Such regulations shall be made in accordance with the comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to preserve features of historical significance; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements."

a legally protectible interest in the land nor has he, in his allegation that he has suffered and will suffer irreparable damage, pleaded other than a conclusion, unsupported by factual averments. Therefore, plaintiff has not alleged sufficient facts to establish standing to seek a declaratory judgment of his rights and duties.

Whether or not plaintiff has any administrative remedies to exhaust is dependent upon whether or not he has any such remedies available to him. He contends that since the granting of a special use permit constitutes an amendment to the comprehensive zoning ordinance the provisions for administrative review by an appeal to the Board of Adjustment is not available to him and is not a necessary route for him to have his day in court. He contends that the Board of Trustees (now the City Council) did not delegate the power and authority to grant special permits to any municipal body, including the Board (Council) itself, but rather retained its legislative function in requiring amendment by ordinance. He relies on the provisions of Article XXI, Section 1 of Ordinance No. 565, the comprehensive zoning ordinance. This may be true, but since the ordinance was neither pleaded in haec verba nor in substance we cannot consider its provisions, in deciding this point. However, since we have determined that the trial court had correctly dismissed plaintiff's petition on other grounds, we need not exhaust this point.

■ Despite the finding that the trial court did not err in sustaining the motions to dismiss, we will follow Kalberloh v. Stewart et al., supra, where, 378 S.W.2d at page 824, the court said:

"As stated, the effect of the dismissal was with prejudice. The record does not show any refusal to plead further, and the plaintiff was given no time or opportunity to further plead. S.Ct. Rule 67.05 V.A.M.R., provides that on sustaining a motion to dismiss the court shall freely grant leave to amend and shall specify the time for such pleading. If the amended pleading is not filed within such time, then final judgment of dismissal with prejudice shall be entered. We believe the dismissal with prejudice was too harsh under the circumstances. We have power to render such judgment as should have been rendered, and we believe that justice demands that the judgment of the trial court should be modified by ordering the dismissal without prejudice. The judgment is so modified and as so modified is affirmed."

We, therefore, amend the judgment of the trial court by ordering that the dismissal of plaintiff's petition be amended by modifying said order to be a dismissal without prejudice; and that as so amended, the judgment of the trial court is affirmed.

DOWD, P. J., and SMITH and SIMEONE, JJ., concur.