BORBEIN, YOUNG & COMPANY,
Plaintiff-Respondent,

v.

Joseph C. CIRESE and Mary T. Cirese,
Defendants-Appellants,

and

W. N. Hemstock and Dominic F. Tutera, Administrator of the Estate of Michael J. Cirese, Defendants-Not Appealing.

No. 24289.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1966.

J. K. Owens, Kansas City, for appellants.

George H. Charno, Jr., Tucker, Charno, Willens & Jouras, Kansas City, for respondent.

CROSS, Presiding Judge.

This is a suit to recover an unpaid balance of purchase price due for merchandise sold on the open account of Universal Trailer and Manufacturing Corporation, hereinafter referred to as Universal. That entity was incorporated in Missouri in 1948, with charter authority to manufacture and deal in trailers, but on January 1, 1954, its charter was forfeited and the corporation was dissolved by the Secretary of State. Notwithstanding, the various officers and directors of Universal continued thereafter to conduct business in Universal's name and to manufacture trailers until the year 1960,

the same as it had done prior to forfeiture of its charter. In the years 1959 and 1960 plaintiff Borbein, Young & Company sold and delivered parts and materials to the account of Universal on which there is an unpaid balance in the sum of $10,913.94. Thereafter in the year 1960 Universal was adjudicated a bankrupt.

As plaintiff, Borbein has sued and undertakes to recover from the four named individual defendants on theory that defendants Joseph C. Cirese, Mary T. Cirese and W. N. Hemstock, together with Michael J. Cirese, deceased, whose administrator is also a defendant, were Universal's officers and directors at the time its charter was forfeited on January 1, 1954; that immediately upon such forfeiture and by reason of their stated capacities, the four persons above named became trustees of the dissolved corporation charged with the legal duty to wind up its business and affairs as provided by law; that they failed to liquidate the corporation but instead continued to operate Universal's business; and, that in consequence, defendants Joseph C. Cirese, Mary T. Cirese and W. N. Hemstock, and Michael Joseph Cirese, deceased, became personally liable, jointly and severally, for the obligations incurred by them in the course of their activities and operations in conducting the business of Universal after its dissolution in excess of their authority as such trustees.

Trial to a jury resulted in a verdict and judgment against all four defendants awarding Borbein the principal sum of $10,913.94 and interest in the amount of $2946.78, a total of $13,860.72. However, this appeal is prosecuted solely by defendants Joseph C. Cirese and Mary T. Cirese, who are husband and wife. They will be generally referred to hereinafter as appellants.

■ Borbein has moved for dismissal of the appeal on complaints principally that appellants have violated Civil Rule 83.05(a), (b), V.A.M.R. in that their brief contains no jurisdictional statement; fails to contain a fair and concise statement of facts, and is incomplete, inaccurate and argumentative; fails to provide any page references to the transcript in the statement of facts and omits such page references from the entire remaining portion of the brief except for reference to the quotation of one instruction; and, fails to set forth the text of two instructions claimed to have been erroneously refused. Although appellants' brief is deficient in the respects charged, in the exercise of our discretion we decline to dismiss the appeal and proceed to examine appellants' assignments of error.

Appellants' first point is a complaint that the court erred in giving Borbein's verdict directing instruction (No. 2) because "it directs the jury to find against all the defendants, and does not give the jury the right to find for some of the defendants and not for all defendants".

■ This allegation of error has not been properly preserved for appellate review. It is shown by the record that the only objection to the instruction made at the trial before submission to the jury was that defendants "object and except" to the action of the court in giving it. Civil Rule 79.03 requires that if specific objections to instructions are not made at the trial before submission to the jury, then specific allegations of error must be set forth in the motion for new trial to preserve the error for review. The sole allegation in appellants' separate motions for new trial with respect to the instruction or the court's action thereon is that "The court erred in giving Instruction No. 2 offered by plaintiff". Obviously appellants have not satisfied the requirements of the cited rule. Notwithstanding, we elect to consider the merits of their complaint.

In substance the instruction required the jury to return a verdict against "the defendants and for the plaintiff" if they found (1) that Universal's charter was forfeited on January 1, 1954; (2) that Michael Joseph Cirese (now deceased), Joseph C. Cirese, Mary T. Cirese and W. N. Hemstock were then the officers or di-

rectors of Universal; (3) that those named persons continued thereafter to operate Universal's business and affairs; (4) that at their instance and request Borbein sold to Universal's account the goods and merchandise in question; (5) that the amount charged was the reasonable value thereof, and (6) remains unpaid; (7) and, that demand for payment was made.

The foregoing submission was made in reliance upon provisions of V.A.M.S., Section 351.525 as interpreted by the Supreme Court en banc in Leibson et al. v. Henry et al., 356 Mo. 953, 204 S.W.2d 310, in affirming a judgment holding stockholding directors personally liable. Pertinent portions of the opinion are as follows: "Upon forfeiture, the plaintiffs (directors) under § 5094 (present Section 351.525) became *trustees* with the full power to liquidate Shelco's affairs to the end of protecting the interests of the stockholders and the creditors. Plaintiffs, as trustees, were without power to transact any business of Shelco, except to wind up its affairs and distribute its assets. * * * Acting beyond their powers as trustees, plaintiffs continued the transaction of business in like manner as had Shelco prior to the forfeiture * * *. It seems to us a court should recognize plaintiffs' personal liability for obligations so incurred by them in such unlawful transaction of business in the corporate name, transgressing their powers as trustees. If a court should otherwise rule, such a ruling would be in violation of the plain purpose of the law, open the door to fraud, and sanction the former directors' operation of the business, without liability, affording opportunity for wasting or diverting the corporate assets, thus subjecting stockholders, creditors and the State to a remediless loss of their rights to avail themselves of the corporate property".

Instruction No. 2 correctly applies the law as written in the statutes of Missouri and declared by our courts, and each hypothesis of fact presented by it is amply supported by substantial evidence. Although not clearly expressed, it appears to be appellants' contention that the instruction should have told the jury in *express terms* that it could return a verdict in favor of one or more of the defendants. There is no merit in this submission. In the first place, the instruction does not direct a verdict against *any* defendant in the absence of an affirmative finding as to each of the essential elements hypothesized therein, although it directs a verdict against all four if those findings are made. If appellants interpret the instruction otherwise, they have misconstrued its plain language.

Furthermore, the instruction must be read and understood in relation with all the other instructions given. The form of verdict instruction advises the jury precisely how to return a verdict against all defendants, or against some defendants only, or in favor of all defendants, alternatively, in five different forms. Thus, the jury was fully informed that in the absence of necessary findings as to any one of the defendants their verdict should be in that party's favor. "So the jury could hardly understand that they were not at liberty to find against one or more of the defendants and in favor of the other or others". Randol v. Kline's Inc., 330 Mo. 343, 49 S.W.2d 112. Also see Dawes v. Starrett, 336 Mo. 897, 82 S.W.2d 43, 57, and Baird v. National Health Foundation, 235 Mo.App. 594, 144 S.W.2d 850, 859. Appellants cite no authority to the contrary.

Actually, appellants' present complaint arises from their failure to request an instruction, converse to Instruction 2, to the effect that if the jury found that appellants were not officers or directors of Universal or did not participate in operating its business after dissolution (the only controverted issues), then their verdict should be returned in appellants' favor. Since appellants made no such request their complaint now is unavailing. See Britain v. Davis,

Mo.App., 198 S.W.2d 354, 356; 2A Mo. Digest, Appeal and Error, p. 189, (1).

Appellants next assign error in the trial court's refusal of Instructions B and C, offered on their behalf. Again we observe that appellants have not preserved their right to urge the errors claimed because (1) no specific objection or allegation of error was made as to the refusal of either instruction during the trial or was contained in their motions for new trial as required by Civil Rule 79.03, and (2) the instructions which are subject of the complaint are not set out in appellants' brief as required by Civil Rule 83.05(a). Nonetheless, we have considered the assignment and find it to be without merit.

 Instruction B peremptorily informs the jury that in law and in fact Joseph C. Cirese was not a director of Universal at the time the obligation sued on was contracted, and directs the jury to return a verdict in his favor. The instruction is erroneous in its application of the law. The personal liability of officers and directors of a dissolved corporation arises from their neglect of duty as trustees to liquidate the corporation and distribute its assets *at the time of charter forfeiture.* If they fail in that statutory duty and unlawfully continue to operate the business of the corporation after its dissolution they would remain individually liable for corporation debts even though incurred at a time subsequent to their active participation in business affairs on behalf of the corporation. So it is that the vital date, as it affects the propriety of the instruction, is the date of forfeiture— not when "the account sued on was contracted".

Instruction B is also erroneous in its attempted factual submission. There is abundant substantial evidence, in the nature of documentary proof, to establish that Joseph C. Cirese was an officer and director of Universal *both at the time its charter was forfeited and when the debt was con-tracted.* In the process of Universal's organization as a corporation, he subscribed the articles of incorporation, under oath, as a stockholder and original incorporator. In like manner, he also subscribed the requisite affidavit showing the recording of articles of incorporation and the payment of capital with which the corporation would commence business, stating therein that he was a director of the corporation. The last annual registration report filed by Universal (for the year 1952) recites that he was vice president and a director of the corporation. Annual federal income tax returns were filed on Universal's behalf for the years 1954 through 1958, all of which stated that appellant Joseph C. Cirese was Universal's vice president, that he owned substantial shares of stock, devoted all or part of his time to Universal's business, and was paid a salary of $10,400.00 (except for the year 1958 in which he received $3,800.00). Again it is shown by copies of corporation franchise tax reports for the years 1954, 1955, 1956, 1957 and 1959, prepared by an officer of Universal on its behalf and kept in its business records, that appellant Joseph C. Cirese was vice president and a director of the corporation during those years. Furthermore, during pendency of bankruptcy proceedings against Universal in 1960, Joseph C. Cirese executed and filed on Universal's behalf an entry of appearance and consent to its adjudication as a bankrupt, supported by his own affidavit, stating that he was "an officer and principal stockholder in this corporation".

 We next consider the propriety of Instruction C which mandatorily directs a verdict in favor of defendant (appellant) Mary T. Cirese without hypothesizing any issue of fact. It is contended on her behalf that the instruction should have been given because there was no evidence that she was a director of the corporation or took any part in its affairs. In ruling the question it is our duty to consider the evidence in the light most favorable to Borbein as the prevailing party respondent, and accord it the benefit of all favorable inferences, and

disregard appellants' evidence unless it supports respondent's case. 3 Mo.Digest, Appeal and Error, p. 428, 

It is shown by Universal's articles of incorporation that Mary T. Cirese was an original stockholder and incorporator. The affidavit of recording the articles of incorporation and payment of business capital was also executed by her and shows her to be a member of the new corporation's board of directors. The last annual registration report filed by the corporation in 1952 represents that she was one of its directors. The above referred to corporation franchise tax reports prepared on Universal's behalf for the years 1954, 1955, 1956, 1957 and 1959 all show her to be a director. On May 26, 1960—only 15 days after Universal's entry of appearance in bankruptcy proceedings—appellant Mary T. Cirese took steps to re-enter the trailer manufacturing and selling business. On the named date she, together with her husband, Joseph C. Cirese and their daughter, Lucille Tutera, executed articles of incorporation pursuant to which a new corporation was duly formed bearing the name "MJ Trail-Ette Manufacturing Co., Inc.", with authority "to manufacture house trailers of all sizes; to sell at wholesale or retail house trailers of all sizes".

 It is our opinion that the facts and circumstances established by the foregoing records constitute substantial evidence which justified the jury in believing that appellant Mary T. Cirese was a director of Universal at the time its charter was forfeited, that she continued thereafter to have a participating interest in its business and that she thereby incurred the obligation upon which this action is founded. The trial court properly refused to direct a verdict in her favor.

Appellants' last point assigns error by reason of the trial court's denial of a motion for continuance filed by defendant Joseph C. Cirese on the first day of trial, after the case was called and counsel for plaintiff and defendants both had announced ready. The motion was grounded on allegations that movant's physical condition was such that he could not participate in the trial, and that if he were able to attend he would testify that when Universal's charter was forfeited he was not one of its stockholders or directors and took no part in its operation thereafter. The motion was supported by a physician's letter to the effect that movant had a hypertensive situation "and other numerous difficulties of a medical kind". The trial court's view of the motion was expressed as follows: "Counsel is admonished that the case has been published for four weeks, that (during) the entire time of publication it has been pointed out that any application for continuance shall be ten days before the case is set. The condition described by the doctor in the letter is one that is referred to therein as having existed for some period of time. Under all these circumstances the application for continuance is denied. The motion is overruled and the case will proceed to trial". The ruling reflects the opinion of the trial court that movant was not diligent in seeking a continuance or observant of court rules governing an application therefor.

 Appellants admit that the granting of a continuance is within the sound discretion of the trial court and cite three cases so holding, to wit: Brown v. Stroeter, Mo.App., 263 S.W.2d 458; Van Fleet v. Van Fleet, Mo.App., 253 S.W.2d 508; and Commercial National Bank of Kansas City, Kansas v. White, Mo.Sup., 254 S.W.2d 605. Appellants' brief does not direct our attention to any facts which lead us to conclude that the trial court's discretion in the matter was abused. It does state, however, that the alleged facts movant would have testified to were presented by another witness. We defer to the trial court's discretionary ruling and hold that no error was thereby committed.

The judgment is affirmed.

All concur.