Leander C. MOORE, Jr., Plaintiff-Appellant,

v.

Col. James P. DAMOS et al., Defendants-Respondents.

No. 34437.

Missouri Court of Appeals,
St. Louis District.

Oct. 24, 1972.

Rehearing Denied Dec. 11, 1972.

Application to Transfer Denied
Feb. 12, 1973.

Shaw & Howlett, Charles Clifford Schwartz, Clayton, for plaintiff-appellant.

John J. Morris, Director of Law for University City, St. Louis, for defendants-respondents.

KELLY, Judge.

The question presented to the court in this appeal from the judgment of the Circuit Court of St. Louis County dismissing plaintiff-appellant's petition for review of his dismissal from the University City, Missouri, Police Department is whether the Circuit Court had jurisdiction over the cause of action.

The facts of this case are that Leander C. Moore, Jr., (hereinafter referred to as plaintiff) became a member of the University City Police Department on September 11, 1967, and continued to serve on the force until October 31, 1969, when he was dismissed by defendant Col. James P. Damos, Chief of Police of the University City Police Department. (Hereinafter Col. Damos will be referred to as the Chief of Police.) With dismissal plaintiff was also suspended from pay as well as the other emoluments of his office.

Subsequently, on November 13, 1969, Robert E. Klein, Director of Personnel for the City of University City, Missouri, and acting-secretary to the Civil Service Board (hereinafter referred to as the Board), received a letter on the letterhead of "Shaw, Hanks & Bornschein, Attorneys at Law" and over the signature of plaintiff wherein the plaintiff advised Mr. Klein that he wanted to appeal his dismissal. On December 16, 1969, a hearing was held by the Board. Plaintiff and his attorney, Mr. Leonard Bornschein, were present, evidence was adduced, Mr. Bornschein cross-examined witnesses and a record of the proceedings was made.

The Board submitted its findings of fact, conclusions of law and decision sustaining plaintiff's dismissal by the Chief of Police on October 31, 1969 in writing and on January 8, 1970, the City Manager approved the findings of fact, conclusions of law and decision of the Board by affixing his signature to the document in the following

manner immediately under the signatures of the Board members:

"Approved by:

/s/ Charles T. Henry
Charles T. Henry
City Manager."

Also on January 8, 1970, a copy of the document aforesaid was mailed by certified mail to "Leonard L. Bornschein, Attorney for Leander C. Moore, Jr., 225 S. Meramec Avenue, Clayton, Missouri." Mr. Klein, acting secretary to the Board, did the actual mailing and subsequently received a "return receipt" purporting to show that the document was received by "L. Gelner" as agent for "Leonard Bornschein" on January 9, 1970.

On August 20, 1971, plaintiff filed a petition for review in the Circuit Court of St. Louis County. In this petition he alleged, among other matters, that on "January 8, 1970, the University City Civil Service Board and Civil Service Commission for the City of University City, Missouri, entered its findings supporting the dismissal of Leander C. Moore, Jr., by the Police Chief, James P. Damos, on October 31, 1969, . . . ." He joined as defendants the Chief of Police and the Board and prayed the court to review the decision of the Chief of Police and Board and to issue a writ of mandamus requiring the Chief of Police to reinstate him in the class of service in the Police Department from which he had been dismissed and that he be compensated in full from the date of his dismissal.

Defendants filed a joint motion to dismiss plaintiff's petition for the following reasons: 1) it fails to vest jurisdiction in the court; 2) it was not timely filed in violation of Section 536.110, V.A.M.S.; and 3) it failed to state a claim on which relief could be granted. The trial court sustained this motion.

It is the position of the plaintiff below that his petition for review was filed pursuant to the remedy afforded by the provisions of § 536.150, V.A.M.S.; that therefore the requirement that the petition for review be filed within thirty days after the mailing or delivery of the notice of the decision of the administrative officer or body specified in § 536.110, V.A.M.S., is not controlling. He further contends that even though the Board, after the evidentiary hearing of December 16, 1969, entered a decision supported by findings of facts and conclusions of law and submitted this to the City Manager who in turn "Approved" it and mailed it by certified mail to his attorney of record on January 8, 1970, this did not constitute a "final decision" from which he could seek review under § 536.-110, V.A.M.S. He relies on the requirements of § 7.129 of the Police Manual of the University City Police Department, which reads as follows:

"Section 7.129.—Judgment—After the case has been closed, the Board shall promptly file a written statement of its findings and recommendations with the City Manager. The City Manager shall promptly render a decision in writing and such decision shall be final."

■ Defendants-respondents have filed a motion to dismiss plaintiff's appeal for the reason that the brief filed in his behalf does not comply with Civil Rule 84.04, V.A.M.R., on the grounds 1) that it does not contain a fair and concise statement of the facts; 2) it does not contain sufficient references to the transcript in its statement of facts and argument; and 3) it does not comply with the Rule because the "Points Relied On" section of the brief does not contain citations of authority and consists of abstract statements of the law without showing how they are related to the action of the trial court.

While Civil Rule 84.08, V.A.M.R., authorizes courts of appeals to dismiss appeals in civil cases for failure to comply with Civil Rule 84.04, V.A.M.R., such authority is discretionary and we have on numerous occasions declined to exercise that discretion to dismiss even where the brief

is deficient in the respects charged here. Borbein-Young & Company v. Cirese, Mo. App., 401 S.W.2d 940, 942; Seitter v. City of St. Joseph, Mo.App., 358 S.W.2d 263, 264. We decline defendants-respondents' motion to dismiss plaintiff's appeal and proceed to dispose of it on its merits.

Section 536.150, V.A.M.S., by its terms, applies to those decisions of an administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance where there is no other provision for judicial inquiry or review. "Nothing in this section of this Act shall apply to *contested cases* reviewable pursuant to sections 536.100 to 536.140." Section 536.150(2), V.A.M.S. (Emphasis supplied.)

"Contested case" is defined in § 536.010(3) as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing."

In State ex rel. Leggett v. Jensen, Mo., 318 S.W.2d 353, 356, the Supreme Court of this state said:

"We think this means that a 'contested case' (to which the Administrative Procedure Act and its judicial review provisions apply) is a case which must be contested before an administrative agency because of a requirement (by constitutional provision . . . or ordinance . . .) for a *hearing* before it of which a record must be made unless waived. § 536.060." (Emphasis supplied.)

■ A police officer when he is commissioned acquires a right or title to the office and its emoluments and such privilege is entitled to protection. Rank and compensation for services are "emoluments" of office and are legal rights and privileges of that office. Any proceeding to deprive a police officer of these rights or privileges is a "contested case" within the meaning of § 536.010(3), V.A.M.S., and

§ 536.150(2), V.A.M.S. Scism v. Long, et al., Mo.App., 280 S.W.2d 481, 483.

Article VII, § 52(4) of the City Charter of the City of University City, Missouri, requires the Board to hear appeals from disciplinary actions and § 59 of the same Article affords any employee under the "classified service" who is discharged a public hearing before the Board. Plaintiff is an employee within the "classified service." Article VII, § 54(2) of the Charter of the City of University City, Missouri.

■ We hold that the hearing afforded the plaintiff before the Board at which he was present in person and represented by counsel, and where a record of the proceedings and evidence adduced was made, constituted a "contested case" as that term is used in § 536.150(2), V.A.M.S. Therefore, the review of the decision of the Board which was "Approved" by the City Manager could not, if a final decision, be brought under the provisions of § 530.150, V.A.M.S., because of the exclusionary sentence comprising subparagraph 2 of that section.

Plaintiff's petition for review had to be filed pursuant to the provisions of § 536.110(1), V.A.M.S., and that Section requires that proceedings for review be instituted by filing "a petition in the Circuit Court or Court of Common Pleas of the County of proper venue *within thirty days after the mailing or delivery of the notice of the agency's final decision.*" (Emphasis supplied.)

■ Plaintiff, in his petition for review, alleges that the Board entered its findings supporting his dismissal by the Chief of Police on January 8, 1970. He also alleges that he was not given proper or timely notice of his dismissal. His petition was filed in the Circuit Court on the 20th day of August, 1971, more than thirty days after the decision of the Board; however, plaintiff contends that it was impossible for him to file his petition for review within thirty days of the decision of the

Board because the City Manager, he contends, did not comply with the requirements of § 7.129 of the Manual of the Department of Police of the City of University City, Missouri, and there was therefore no "final decision" from which he could seek review under § 536.110(1), V.A.M.S.

Section 7.129 of the Police Manual reads as follows:

"Judgment—After the case has been closed and submitted, the Board shall promptly file a written statement of its findings and recommendations with the City Manager. The City Manager shall promptly render a decision in writing and such decision shall be final."

Plaintiff's contentions are without merit. The petition for review available to him under §§ 536.010–536.140, V.A.M.S., is a review of the decision of the "administrative officer or body." The written statement of the findings and recommendations of the Board together with its findings of fact and conclusions of law sustaining his dismissal by the Chief of Police was "Approved" by the City Manager over his signature. Neither § 7.129 nor any other section of the Police Manual called to our attention specifies what form the decision of the City Manager must take other than to require that it be "in writing." Absent such specification, we hold that in "approving" the written statement of the findings and recommendations of the Board and affixing his signature thereto the City Manager has substantially complied with the requirement of § 7.129 of the Police Manual and the decision became final.

 Plaintiff, in his petition, admitted knowledge that the Board entered its findings approving his dismissal on January 8, 1970. A copy of the decision of the Board approved by the City Manager was received by an agent for his counsel of record on the 9th of January, 1970. This notice conformed to the provisions of § 536.090, V.A.M.S., that immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or *mailing* such notice to each party, *or his attorney* of record.

 Plaintiff having failed to file his petition for review within thirty days from January 9, 1970 as required by § 536.-110(1), V.A.M.S., the Circuit Court never acquired jurisdiction to entertain his petition for review and properly sustained defendants-respondents' motion to dismiss.

The judgment of the Circuit Court is affirmed.

DOWD, P. J., and SMITH and SIMEONE, JJ., concur.