**William J. VORBECK,**
**Plaintiff-Appellant,**

v.

**Theodore McNEAL et al.,**
**Defendants-Respondents.**

No. 38674.

Missouri Court of Appeals,
St. Louis District.

Oct. 25, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Feb. 8, 1978.

London, Greenberg & Fleming, Lawrence J. Fleming, James J. Hennelly, St. Louis, for plaintiff-appellant.

Kenneth C. Brostron, Albert J. Stephan, Jr., St. Louis, for defendants-respondents.

GEORGE W. CLOYD, Special Judge.

Plaintiff appeals from the ruling of the circuit court sustaining defendants' motion to dismiss for plaintiff's failure to state a claim on which relief could be granted.

The significant facts of the case are reasonably few and simple. At a public meeting of the Board of Police Commissioners on April 29, 1976, plaintiff William J. Vorbeck, a sergeant in the St. Louis Metropolitan Police Department, was given permission to respond to a statement made by Colonel Theodore McNeal, President of the Board of Police Commissioners. Vorbeck's remarks were in response to statements made by Colonel McNeal that he had met with Vorbeck, then acting as President of the St. Louis Police Officers' Association, to discuss certain matters relating to salaries and conditions of employment of the police officers in the department. In the course of his remarks at the Board meeting, Sgt. Vorbeck made the following statement about the alleged meetings with Col. McNeal:

" * * * I can't say it's a misrepresentation of facts, I can't say it's a half truth, because it's not.

Colonel, it's just without foundation, it has to be a lie; * * *."

After Sgt. Vorbeck made these remarks, Colonel McNeal made a brief statement and adjourned the meeting.

On May 12, 1976, the Board of Police Commissioners, with the exception of Colonel McNeal, caused to be read a statement at a public meeting of the Board. The significant portions of the Board's public statement read as follows:

"Colonel Edward J. Walsh, vice-president of the St. Louis Board of Police Commissioners, read the following statement at today's public Police Board meeting:

The Board of Police Commissioners wishes to express its deep concern and disapproval over the conduct of Sgt. William Vorbeck at the public Board meeting held on April 29, 1976. At our request and because of his personal involvement as the target of the Sergeant's remarks, Colonel Theodore D. McNeal, Board President, is not participating in this statement and disposition of the matter.

First of all, the Board wishes to state our commitment to the good faith, integrity, and fairness of Colonel McNeal. * * *

Sgt. Vorbeck's accusation at the public Board meeting that Colonel McNeal did not tell the truth must be taken as an attack on the integrity of the entire Board. Reasonable standards of decorum and conduct apply to all members of the Department and in assailing his ultimate superiors with his remarks, Sgt. Vorbeck has violated those standards.

It would serve no useful purpose to file charges against Sgt. Vorbeck although such action would be altogether justified. * * * The Board has decided instead to use this incident as an occasion to remind all officers of the expected standards of conduct. A great majority of officers adhere to these standards. However, with increasing frequency in recent months, some officers, individually or in a representative capacity, have made oral and written statements questioning the honesty and integrity of members of the Board, and which border upon allegations of misconduct in office and dereliction of duty.

* * * We therefore caution all officers who have a propensity to question the honor, integrity and reputation of fellow officers and superiors, that such conduct, and any conduct, which brings discredit to the Department and is contrary to good order and discipline will be subject to appropriate action.

As for Sgt. Vorbeck, we publicly censure him for his conduct. The Board considers this incident closed."

This censure and warning was disseminated in written form through "Board Bulletin" No. 36 to all officers of the Police Department.

On June 11, 1976, Sgt. Vorbeck filed a petition in the Circuit Court of the City of St. Louis. In his petition plaintiff alleged: 1) that he was disciplined without the notice and hearing required by Rule 7 of the Personnel Regulations of the Board of Police Commissioners and by the provisions of the Missouri Administrative Procedure Act Sections 536.010 to 536.140, RSMo.1969, and contrary to his right to due process of law guaranteed to him by the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution; 2) that defendants have deprived him of his right to freedom of speech and expression guaranteed to him by the First Amendment to the United States Constitution and Article I, Section 8 of the Missouri Constitution of 1945; 3) that plaintiff had suffered damages because of this public humiliation and ridicule resulting from the Board's statement; and 4) that unless the requested relief is granted he will continue to suffer irreparable harm to the rights guaranteed to him by the Missouri and the Federal Constitutions. As relief, plaintiff's petition sought an order compelling the Board of Police Commissioners to give him notice of charges against him and a full and fair hearing, and to retract publicly the "censure" and declare it null and void. The plaintiff also sought a declaration of the court to the effect: 1) that the plaintiff was entitled to notice and a hearing relative to the charges against him; 2) that the officers' freedom of speech cannot be so restricted by the Board and that plaintiff and others cannot be disciplined for questioning statements made by defendants without a showing and finding that such conduct is slanderous or otherwise improper; and 3) that the penalty of "censure", not being authorized by applicable statements and regulations, is null and void.

Defendants filed a motion to dismiss plaintiff's petition on the grounds that it failed to state a claim on which relief could be granted and failed to allege an actual controversy between plaintiff and defendants. Defendants' motion was based on three contentions: 1) that no disciplinary action was taken by the Board requiring either notice or a hearing; 2) that defendants Walsh, Mehan, Seddon and Poelker were merely exercising their right to freedom of speech; and 3) that no relief could be granted against defendant McNeal because he had taken no part in the acts complained of in the petition.

■ The trial court sustained defendants' motion to dismiss, and plaintiff appealed. The trial court stated no reasons in dismissing the petition, so we must assume it was for the reasons alleged in defendants' motion.

■ In reviewing the trial court's dismissal of the plaintiff's petition for failure to state a claim on which relief could be granted, the appellate court must construe the petition favorably to the plaintiff and accept as true all the facts alleged therein. Furthermore, the pleader is entitled to all favorable inferences which can be reasonably deduced therefrom. *Jacobs v. Jacobs,* 272 S.W.2d 185 (Mo.1954); *Mercantile Trust Company v. Chase Hotel, Inc.,* 510 S.W.2d 807 (Mo.App.1974); *Trotter v. Sirinek,* 515 S.W.2d 67 (Mo.App.1974).

As his first point of error, plaintiff contends that the trial court erred in dismissing plaintiff's petition in which he sought mandatory injunctive relief. Plaintiff asserts that he had made a claim on which relief could be granted in his petition for injunctive relief based upon allegations that he had been disciplined, humiliated and ridiculed publicly without notice and a hearing, all contrary to Police Board regulations, the Missouri Administrative Procedure Act, and his right to due process guaranteed by the United States and Missouri Constitutions. We find no error in the trial court's dismissal of plaintiff's petition.

In alleging that he was entitled to notice and a hearing before the Board's issuance of the "public censure" statement, plaintiff points to Rule 7 of the Personnel Regulations of the Board of Police Commissioners,

which provides in part that a member of the department is granted the right to request a hearing should he refuse "to accept recommended disciplinary actions greater than an oral reprimand." Section 7.016 of the Rules and Regulations of St. Louis Metropolitan Police Department. Plaintiff asserts that the censure by the Board and its subsequent dissemination constituted a disciplinary action by the Board greater than an oral reprimand. We cannot agree.

■ The Board in its public statement did publicly censure Sgt. Vorbeck, and the Board disseminated written copies of its statement to all the officers in the Department. The Board's statement, however, clearly stated that, whatever the members' feelings about Sgt. Vorbeck's conduct, the Board had not filed and did not intend to file any charges. No disciplinary proceeding was initiated against Sgt. Vorbeck for his conduct. The Board's statement, although a public statement by a public body, constituted no official disciplinary action against Sgt. Vorbeck and no record of the incident or the censure was placed in his personnel file or on his records as would have been a written reprimand. The statement by the Board, unlike a written reprimand, was not directed only to Vorbeck but rather was in the form of a general public statement by the Board relating to broader concerns of Departmental conduct. To be sure, reference was made specifically to Sgt. Vorbeck's conduct, but that portion of the statement, as did the entire statement, represented merely the Board's public response to Sgt. Vorbeck's remarks. Although critical of Sgt. Vorbeck, the statement did not constitute a disciplinary action by the Board requiring a notice of charges (which were not filed) and a hearing under Rule 7 of the Personnel Regulations. Rather it represented a public statement in general to the members of the Department.

■ Nor is this a "contested case" requiring a hearing under § 536.010 through § 536.140, RSMo.1969, of the Missouri Administrative Procedure Act. A "contested case" is defined in § 536.010(3) as a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing. "A 'contested case' * * * is a case which must be contested before an administrative agency because of a requirement (by constitutional provision . . . or ordinance . . .) for a *hearing* before it * * *." *Moore v. Damos,* 489 S.W.2d 465, 468 (Mo.App.1972), citing *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958). No such contested case within the meaning of the act exists here. Plaintiff was neither disciplined nor were any proceedings instituted by the Board to deprive Sgt. Vorbeck of any of the privileges or emoluments of his office, which would require a hearing. *Moore v. Damos, supra.* The case involves no rights required by law to be determined after a hearing. No protected rights of the plaintiff have been affected by the Board's action.

■ Plaintiff's contention that Federal and State standards of due process require a hearing is also without merit. While it is true that a state's direct impingement of protected free speech rights must be preceded by an adversary hearing, *Board of Regents v. Roth,* 408 U.S. 564, 574–75 n. 14, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), such a rule is not applicable here. Plaintiff's free speech rights have not been impinged. Whether or not his speech was protected, Sgt. Vorbeck was neither disciplined for his conduct nor suffered any deprivation of protected interests as a result of the Board's response to his statement. He was criticized by the Board, and reminded along with the other officers that Department Regulations provide that the members of the Department are to conduct themselves in such a manner that no discredit will be brought upon the Department or themselves. Rule 7.010, Police Department Regulations. A merely critical response by the Board to Sgt. Vorbeck's statement does not constitute an impingement upon free speech rights requiring the due process staples of notice and a hearing. As noted above, plaintiff was not deprived of any of the privileges or emoluments of his office. *Moore v. Damos, supra.*

■ Furthermore, the statement by the Board does not attach a "badge of infamy" on the plaintiff nor subject him to any grievous loss requiring notice and a hearing under *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The cases cited by plaintiff in support of his due process position involved severe losses far beyond the effects of the critical response which followed Sgt. Vorbeck's statement. The lack of injury to any protectable interest of Sgt. Vorbeck negates the need for notice and a hearing to satisfy the requirements of due process.

■ Even assuming an injury to the interests and reputation of Sgt. Vorbeck, a hearing would not be warranted. In the case of injury to reputation, however, the purpose of requiring a hearing is to afford the plaintiff an opportunity to clear his name. *Miller v. Iowa State ASCS Committee,* 374 F.Supp. 415 (S.D.Iowa 1974). In the present case, such a factual hearing would serve no useful purpose.

■ In *Magri v. Giarrusso,* 379 F.Supp. 353 (E.D.La.1974), a police officer was dismissed for public statements by him to the effect that the Police Superintendent was a liar and a coward. In discussing the need for notice and a hearing, the court stated:

"There undoubtedly are appropriate cases in which it would serve some useful purpose to reinstate a discharged employee and require that a notice of proposed removal provide for some type of hearing before the responsible authority. However, under the peculiar facts of this case, we think we would be performing a meaningless act. As previously pointed out, Magri has never denied publicly calling his superior a 'liar' and a 'coward' * * *." 379 F.Supp. at 360.

An analogous situation exists here. Plaintiff admits that he called Col. McNeal a liar. The factual hearing would undoubtedly result in such a finding. The issue at such a hearing would not be whether Col. McNeal and Sgt. Vorbeck had met as Col. McNeal stated, but rather whether Sgt. Vorbeck called Col. McNeal a liar. He admits that he did. A hearing on the issue would add nothing.

For the foregoing reasons, plaintiff was not entitled to notice and a hearing and the court did not err in dismissing his claim for injunctive relief.

■ Plaintiff also asserts that the Board, in issuing the statement, failed procedurally to enact a precise rule or regulation for insertion into the Police Board Manual. However, the Board's statement clearly does not have the effect of a new rule or regulation but instead may be viewed as the explication of a rule already existent, requiring members of the Police Department to conduct themselves in such a manner that no discredit will be brought upon the Department or themselves. Rule 7.010 Police Board Manual. This rule was upheld as a valid exercise of the Board's power in *Milani v. Miller,* 515 S.W.2d 412 (Mo.1974). The Board does not exceed its power by issuing statements which explicate some of the parameters of a valid rule.

In his second assertion of error, plaintiff asserts that the trial court erred in dismissing Sgt. Vorbeck's petition in which he sought declaratory relief on allegations that the public statement by the Police Board disciplined him for exercise of his First Amendment rights to free speech as well as "chilling" the First Amendment rights of all the officers in the Department. Sgt. Vorbeck contends that the effect of the petition on his rights and those of the other police officers constituted a justiciable controversy for which relief lies under the Missouri Declaratory Judgment Act, Section 527.010, RSMo.

■ Because we find that Sgt. Vorbeck was not the subject of any official disciplinary action by the Board through its public statement, no justiciable controversy allowing declaratory relief exists as to the Board statement as a response to Sgt. Vorbeck's conduct at the Board meeting. We are then left to consider plaintiff's allegation that the Board's action as a warning has had and will continue to have a chilling effect on the protected free speech rights of Sgt. Vorbeck and the other officers in the police department.

In ascertaining the sufficiency of plaintiff's petition to state a claim for declaratory judgment, we must accord it the benefit of every reasonable and favorable inference the facts well pleaded will permit. *Kalberloh v. Stewart,* 378 S.W.2d 820 (Mo.App.1964). Whether or not the petition is sufficient depends on whether the allegations in the petition " 'invoke substantive principles of law which entitle plaintiff to relief.' " *Pollard v. Swenson,* 411 S.W.2d 837 (Mo.App.1967). "These substantial principles of law require that a petition invoking declaratory relief allege a state of facts which shows a subsisting justiciable controversy between the parties as to their respective rights and duties, admitting of specific relief by way of a judgment conclusive in character and determinative of the issue involved. * * * Plaintiffs must show that they have a legally protectable interest at stake and that the question they present is appropriate and ripe for judicial decision." *Higday v. Nickolaus,* 469 S.W.2d 859, 862–3 (Mo.App.1971); *Schmitt v. City of Hazelwood,* 487 S.W.2d 882, 884 (Mo.App. 1972). Applying these principles we find that plaintiff failed to state a claim on which such declaratory relief could be granted.

In support of his argument as to the improper chilling effect of the Board's action, plaintiff relies heavily on *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), asserting that Sgt. Vorbeck's statement, and potential statements of similar import by other officers, lies within the parameters of protected speech laid down by the court in *Pickering.* We are constrained to disagree.

In *Pickering,* a teacher was dismissed from his position for sending to a local newspaper a letter critical of the way in which the Board of Education and the district superintendent had handled past proposals to raise new revenue for the schools. The court found the dismissal improper, holding that teachers may not constitutionally be compelled to relinquish First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest. 391 U.S. at 568, 88 S.Ct.

1731. The court did not, however, give public employees absolute freedom in all cases to speak out on any issues. Instead, the court stated that certain cases could involve "significantly different considerations" in the determination of the validity of the State action in response to the employee's public statements. 391 U.S. at 570, 88 S.Ct. 1731. After recognizing that the State has interests as an employer in regulating the speech of its employees that differ from those it asserts in control of the citizenry in general, the Court states: "The problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." 391 U.S. at 568, 88 S.Ct. at 1734. Utilizing such a balancing test, the type of statements criticized in the statement by the Board of Police Commissioners falls outside the protection of *Pickering.*

Section 84.170(2), RSMo., authorizes the Board of Police Commissioners to "make all such rules and regulations, not inconsistent with Sections 84.010 to 84.340, or other laws of the state, as they may judge necessary, for the appointment, employment, uniforming, discipline, trial and government of the police." Pursuant to such authority, the Board promulgated Rule 7.010 providing that "[e]very member of the Department shall * * * conduct themselves in such a manner that no discredit will be brought upon the Department in general or themselves in particular." In upholding this rule, the Missouri Supreme Court in *Milani v. Miller, supra,* 515 S.W.2d at 418, stated that "the principles declaring the validity of such regulations as necessary for the discipline of the military, are also applicable to the internal regulation and discipline of a metropolitan police department." The strict requirements of the military for obedience and imposition of discipline beyond that applicable in civilian life was recognized in *Parker v. Levy,* 417 U.S. 733, 758, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

As we noted above, we believe that the Board's censure of Vorbeck and the warning to the rest of the officers in the department against that which "brings discredit to the Department and is contrary to good order and discipline" represented not a disciplinary action but rather the explication of an existing police regulation. We further believe that the statement was not directed to quell open discussion of matters of public interest but rather to caution against public attacks on the "honor, integrity and reputation of fellow officers and superiors," which might undermine the discipline and cooperation essential to the effective functioning of a major metropolitan police department. Vorbeck's statement did not constitute a simple statement on a matter of public interest but more nearly represented the type of vitriolic personal attack criticized in *Magri v. Giarrusso, supra.* To be sure, the attacks in *Magri* were more concentrated; but in *Magri* such statements were found to warrant dismissal. The type of speech and conduct alluded to and cautioned against in the Board's public statement to the officers of the department was simply that type of speech harmful to and disruptive of the effective functioning of the Police Department. Such speech does not lie within the parameters of *Pickering*, and therefore the Board's cautioning of such conduct does not constitute the improper infringement of any legally protected interest as needed for an application of the Declaratory Judgment Act, § 527.010, RSMo.1969.

Sgt. Vorbeck was not disciplined nor did he suffer any grievous loss of reputation or other interests. As to any general chilling effect of the Board's statement, such a matter is conjecture and supposition such that the question presented is neither conducive to specific relief nor could it foster a judgment conclusive in character and determinative of the issues involved. *Higday v. Nickolaus, supra.* The Board's statement, although a public statement, was merely a response to Sgt. Vorbeck, not a disciplinary action or a rule-making document. It presents no justiciable controversy under § 527.010.

The judgment of the trial court is affirmed.

McMILLIAN, SMITH and GUNN, JJ., and MILTON SAITZ, Special Judge, concur.