Sylvester MITCHELL, Appellant,

v.

DIRECTOR OF REVENUE, Defendant.

No. 42738.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1981.

Rehearing Denied July 10, 1981.

Mark E. Goodman, Gross & Goodman, Clayton, for appellant.

Steven L. Satz, Asst. Gen. Counsel, Dept. of Revenue, Mike Scearce, John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for defendant.

CRIST, Presiding Judge.

Appeal from an assessment of unpaid sales tax under § 144.020, RSMo.1978.

This matter is before us on a petition to review the decision of the Missouri Administrative Hearing Commission (hereinafter "commission") pursuant to § 161.337, RSMo. 1978. The commission held appellant Sylvester Mitchell (hereinafter "Mitchell"), liable for a sales tax deficiency assessed against Discotheque System, Inc. (hereinafter "discotheque") by respondent, Director of Revenue (hereinafter "director") in the amount of $9,307.85. Mitchell appeals. We affirm.

Mitchell and Ian Price (hereinafter "Price") formed discotheque in 1975. Mitchell received 45 percent of the outstanding stock and Price received 55 percent. Discotheque operated a discotheque and lounge in St. Louis, Missouri. Mitchell was a director, officer, shareholder and employee of discotheque from September of 1975 until April of 1977. In June of 1978, director assessed deficiencies against discotheque for unpaid sales tax totalling $9,307.85 for the period of January 1, 1976 through April 30, 1977. The record is not clear as to when or how the assessment against discotheque became an assessment against Mitchell. The transcript, however,

reveals that Mitchell's attorney stated, at the administrative hearing on June 20, 1979 "we are here today to test a sales tax assessment against an individual by the name of Sylvester Mitchell who is my client and who resides in St. Louis County, Missouri."

This action falls within the scope of Chapter 161, RSMo.1978. Section 161.273, puts the burden of proof on Mitchell. Our standard of review is governed by § 161.-338, which provides that:

> ... the decision of the administrative hearing commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record ...

This issue before this court is whether Mitchell, as an officer and director of discotheque, may be held personally liable for sales tax owed by discotheque. The commission concluded that Mitchell could be held liable for any sales tax deficiency assessed against the corporation. This decision was based upon the premise that Mitchell, as an officer and director of the corporation, was liable because of his failure to carry out his duties as a statutory trustee under § 351.525, RSMo.1978. We agree. Neither party has attempted to distinguish the sales tax liability incurred while discotheque operated as a valid corporation and that which arose after the charter was forfeited. Accordingly, we make no such distinction in this opinion.

■ Mitchell's involvement with discotheque began in 1975 when he participated in the formation of the corporation. From December of 1975 to April of 1977, Mitchell was a corporate vice-president, secretary/treasurer, and manager of the day-to-day business operations. Discotheque's corporate charter was forfeited by the Secretary of State on January 1, 1977 for failure to file the Annual Anti-trust Statement. Section 351.525, RSMo.1978. At the time of the forfeiture, Mitchell was an officer and director of the corporation but stated he was unaware that the charter was forfeited. He was originally responsible for obtaining a sales tax license for discotheque

and knew about the corporate sales tax liability. Mitchell continued full operation of the corporation, receiving a salary of $300.00 per week, through March, 1977. In April of 1977, Mitchell turned his interest in the corporation over to Price and left Missouri for another job.

Mitchell's personal liability for the sales tax assessed against discotheque arose as a result of his failure to comply with § 351.-525. Once the corporate charter was forfeited, § 351.525 imposed a duty on Mitchell to liquidate the corporation and distribute its assets to the creditors and shareholders. Mitchell, instead, continued to manage the corporation's activities, receiving a salary and making no attempts to wind up corporate operations.

Upon forfeiture of the corporate charter, Mitchell became a statutory trustee under § 351.525. When no effort was made to wind up, all post-forfeiture debts became the personal liability of the trustees. *Borbein, Young & Co. v. Cirese*, 401 S.W.2d 940, 944 (Mo.App.1966). Once the director established that discotheque's charter was forfeited, the burden of proof was on Mitchell to show that all of the assets of the corporation had been used to wind up the corporation in accordance with § 351.525. See, § 161.273, RSMo.1978. He has failed to so prove. This failure was fatal to his petition for review.

■ Mitchell also contends that the decision of the administrative hearing commission was erroneous in that Mitchell was not a "person" under § 144.080.1, RSMo.1978, and Mitchell was not responsible, nor under any duty, to collect or pay sales tax to the State of Missouri. This point has no merit. Section 144.010.1(5), RSMo.1978.

The decision of the commission was authorized by law and supported by competent and substantial evidence upon the whole record. Section 161.338, RSMo.1978.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.