Dear Representative Harpool:
This opinion is in response to the following question:
 Is a record that is closed under Section 610.105 RSMo. Cumm. Supp. 1983 available to the Personnel Board of the City of Springfield, Missouri, in an administrative hearing involving the dismissal of a City employee under provisions of Section 610.120 RSMo. Cumm. Supp. 1983, which makes closed records available to administrative agencies for the purpose of litigation?
The City of Springfield, Missouri, is a constitutional charter city. Section 6.3 of the City Charter creates an independent agency known as the Personnel Board. Section 6.6 of the City Charter authorizes the Personnel Board to approve merit system rules which are effective when approved by the City Council. Section 6.10 of the City Charter entitles employees under the classified service to be presented with written reasons for their discharge or reduction in rank or compensation and entitles such an employee to a public hearing before the Personnel Board. The Personnel Board then submits recommendations to the City Manager, who may reinstate the employee or restore the employee to his former rank or compensation, provided that the decision of the City Manager is supported by competent and substantial evidence and is reduced to writing, stating the reasons therefor. Section 6.4(4) of the City Charter empowers the Personnel Board to hear appeals from disciplinary actions. Pursuant to Section 6.6 of the City Charter, the Personnel Board and the City Council have adopted Section 13.6 of the Merit System Rules, which governs some of the procedural aspects at hearings before the Personnel Board.
Section 13.6(d) of the Merit System Rules states:
 (d) Board Shall Have Access to Pertinent Data:
In order to properly discharge its function in regard to the review of such disciplinary actions, the Board shall have access to any files, correspondence, memoranda, etc., which they feel might be pertinent to the case and shall have the right of questioning any officers or employees of the City whom they feel may be able to shed light on the circumstances involving the disciplinary action in question. . . .
See also Section 13.6(k) of the Merit System Rules (authorizing the Chairman of the Personnel Board to issue subpoenas).
Section 610.105, RSMo Supp. 1983, states:
 If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
Section 610.120, RSMo Supp. 1983, states:
 Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order. All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book. [Emphasis added.]
The legal issues presented are whether the Personnel Board is an "administrative agency" and whether the use of arrest records at hearings before the Personnel Board is for a "litigation" purpose under Section 610.120, RSMo Supp. 1983.
We note that Chapter 610, RSMo 1978 and Supp. 1983, applies to constitutional charter cities. Cohen v. Poelker, 520 S.W.2d 50,53-54 (Mo.Banc 1975). We also note that the Administrative Procedure Act applies to municipal agencies. Hunter v. Madden,565 S.W.2d 456, 458 (Mo.App. 1978). Looking to the Administrative Procedure Act, Section 536.010(1), RSMo 1978, one finds the following definition of the word "agency":
 "Agency" means any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases;
[Emphasis added in part.]
Section 536.010(2), RSMo 1978, defines the words "contested case" as follows:
 "Contested case" means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing; [Emphasis in original.]
A dispute between a discharged "merit system" employee and the employing agency is a contested case, i.e., "litigation". Mills v.Federal Soldiers Home, 549 S.W.2d 862, 865 (Mo.Banc 1977). Cf.Vorbeck v. McNeal, 560 S.W.2d 245, 250 (Mo.App. 1977) (mere censure of public employee by employer did not create a contested case).
As we understand the facts, the Personnel Board conducts hearings, makes a record, and makes recommendations upon which the City Manager bases his final disposition of the case. Viewed together, the Personnel Board and the City Manager are clearly an administrative agency that adjudicates contested cases — the Personnel Board provides the adversarial fact-finding hearing and the City Manager provides the finality needed for an adjudication.
CONCLUSION
It is the opinion of this office that the Personnel Board of the City of Springfield is part of an administrative agency and, pursuant to Section 610.120, RSMo Supp. 1983, may have access to arrest records closed under Section 610.105, RSMo Supp. 1983.
Very truly yours,
 JOHN ASHCROFT Attorney General